## JACKSON *v.* WALKIE.

### *(Circuit Court, N. D. Illinois.* November 8, 1886.)

COPYRIGHT—NOTICE PRINTED IN BOOK—MUST STRICTLY COMPLY WITH STATUTE —ACT OF CONGRESS, JUNE 18, 1874, § 1.

The only notice of copyright given in a printed book was the following, printed upon the page immediately following the title-page: "Entered according to act of congress, in the year 1878, by H. A. Jackson." *Held,* on demurrer, that the notice was not such a notice as is required by United States statute, (18 U. S. St. at Large, 78,) and did not entitle the proprietor to maintain an action for infringement of copyright.

In Equity. Bill alleging infringement of copyright, and praying for injunction and accounting.

*H. Harrison,* for complainant.

*Dyaenforth & Dyaenforth,* for defendant.

BLODGETT, J. The bill in this case alleges that complainant is the author and proprietor of a certain book, entitled "Franco-Prussian Mode," and that the same has been duly copyrighted in this country by compliance with the acts of congress, and charges that the defendant, in violation of his rights as such author and proprietor, has infringed said copyright by the publication of the same matter contained in complainant's work, for which infringement complainant seeks an injunction and accounting. Defendant demurs to the bill upon the ground that it fails to show that complainant has obtained a valid copyright upon said work.

The book in question is referred to in the bill, and made a part thereof, from which it appears that the only notice of the copyright given in the book itself is by printing, upon the page immediately following the title-page, the following words: "Entered according to act of congress, in the year 1878, by H. A. Jackson;" and the only question made by the demurrer is whether this shows a sufficient notice to entitle the complainant to maintain an action for the infringement of his alleged copyright.

Section 1 of the act of June 18, 1874, (18 U. S. St. at Large, 78,) is as follows:

"No person shall maintain an action for the infringement of his copyright unless he shall give notice thereof, by inserting in the several copies of every edition published, on the title-page, or the page immediately following, if it be a book, * * * the following words, viz.: 'Entered according to act of congress, in the year ——, by A. B., in the office of the librarian of congress, at Washington,' or, at his option, the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out, thus: 'Copyright, 18—, by A. B.'"

It will be seen that the complainant has not adopted either of the *formulæ* for his notice prescribed by the act of congress. He has used a portion of the first formula, but has omitted the words, "in the

office of the librarian of congress, at Washington," which are certainly a part of the notice. Without discussing the question as to the natural rights of authors in their literary productions, and whether they have any such rights in this country aside from our copyright laws, it is enough to say that the bill in this case shows that complainants' work has been published and put in circulation; that he has taken no means to protect the same except by the steps shown in his bill to obtain and secure a copyright, and, since the decision of the supreme court of the United States in *Wheaton* v. *Peters,* 8 Pet. 591, it has been the recognized rule in this class of cases that a party must bring himself strictly within the terms of the statute in regard to copyright in order to protect his property in case of publication. Argument seems hardly necessary to show that the defendant in this case has not complied with the statute in this regard. He has not given either of the forms of notice which the statute specifically requires him to give in order to be entitled to bring a suit for the protection of his alleged copyright. If an author or proprietor of a book or literary work can change the formula prescribed by the statute for his notice of copyright to the public, by omitting the words left out of this notice, he may omit other words, or adopt an entirely different form, or may change the location of the notice. He may think that the title-page, or the page immediately following, is not as good a place to print the notice as some other place in the book, and may therefore insist that he has a right to exercise his own judgment as to where he will print his notice, as well as the form in which it shall be printed. An author or proprietor of a work has no right to say, in effect, that any part of the prescribed notice is immaterial, and may be omitted. He takes his copyright under the law, only by giving the notice, and the entire notice, which the statute provides; and the statute expressly declares that he shall not maintain an action unless he has complied with this condition. Hence I think the bill fails to show a valid copyright in complainant, and the demurrer must be sustained, and the bill dismissed.

The only case cited by the complainant in support of his bill is *Myers* v. *Callaghan,* 10 Biss. 139; S. C. 5 Fed. Rep. 726. In that case the late learned circuit judge of this circuit held that where the notice of copyright stated the copyright to have been entered in 1866, when in fact it was not entered until 1867, did not defeat the copyright, because the only effect of the mistake as to date was to abridge the life of the copyright one year, and no possible damage could accrue to the public, or to any other person, by reason of such mistake. That case is clearly distinguishable from this, and does not in any way, as it seems to me, control the questions here made.