### HIGGINS and others *v.* KEUFFEL and others.

*(Circuit Court, S. D. New York. April 19, 1887.)*

COPYRIGHT—REGISTERING LABEL IN PATENT-OFFICE—NOTICE—NAME—DATE.
    A. registered a copyright label in the patent-office by the title of "Waterproof Drawing Ink," consisting of these words in one line, in an oblong formed of double lines, no notice of copyright or name of the owner being printed thereon, except by the words: "Registered, 3,693, 1883." *Held* that, under the act of congress of 1874, the label should at least have contained the word "copyright," with the year in which, and the person by whom, the copyright was taken out, instead of the statement of an entry in the office of the librarian of congress, as required by Rev. St. U. S. § 4962, in order to maintain a suit for infringement, and that a publication of such a defective notice was an abandonment of the copyright.

In Equity. Suit for infringement of copyright.
*Edward W. Cady*, for orators.
*Louis C. Raegener*, for defendants.

WHEELER, J. This bill is brought upon a copyright of a label registered in the patent-office by the orator Higgins, October 27, 1883, numbered 3,693. Act of June 18, 1874, (Sup. Rev. St. 40; 18 St. 78.) The title by which the label is registered is "Waterproof Drawing Ink." The label itself consists of the same words, in one line, in an oblong formed of double lines. The alleged infringement consists of the words, "Waterproof Black Drawing Ink," in three lines, in a similar oblong, with a medallion, at each end of the lines of words, within the oblong. No notice of a copyright by inscription on the labels is given otherwise than by the word and figures "Registered, 3,693, 1883," printed on their face. The effect of this act of congress is understood to be to require the registration of labels in the patent-office, in place of their deposit in the office of the librarian of congress, to copyright them. *Marsh* v. *Warren*, 14 Blatchf. 263. No remedy for infringement is given by that act; but the form of the notice, without which no action could be maintained, is so varied that it may be by the word "Copyright," with

the year in which, and the person by whom, the copyright was taken out, instead of a statement of an entry in the office of the librarian, as before was required. This would enable a notice of a copyright by registration to be given without the making of a false statement as to entry, and make the statutes harmonious. The notice, in one or the other of the forms, was as much requisite to the maintaining of an action as before, and as much when the copyright was by registration in the patent-office as when it was by deposit in the office of the librarian. If the word "registered" was the equivalent of the word "copyright," for this purpose, the notice would lack the name of the party by whom the copyright was taken out. The name is expressly required to the notice by this act, as it has always been required in such notices of copyright. Act May 31, 1790; (Rev. St. § 4962.) And the word "Copyright" has a peculiar significance in such a notice. It carries the meaning of what has been done in a manner that the word "registered" alone does not. The former word signifies that the person whose name is appended had the right to copy, while the latter does not tell what had been registered, nor where. The exact form of the notice is prescribed by law, and no equivalent is provided for nor any room for an equivalent left. If that specific notice is not given, the right of action otherwise conferred is withheld. All the requirements of law on which the right of action rests must be complied with, or the suit cannot be maintained. *Wheaton* v. *Peters*, 8 Pet. 591. This notice is so defective that the publication of the label with no other was the same in effect as the publication without any would have been. Such a publication is practically an abandonment of the copyright. The orators claim that Higgins was an inventor or discoverer of waterproof ink for which he composed this label, and that to some extent the label indicated that ink to which it was applied was his. If these claims are well founded, as they may be, they do not appear to vary the rights of the orators as owners of this copyright. He has no patent for the ink, and the manufacture and sale of that appears to be open and free to all. This device was not registered as a trade-mark; and, if the orators have any rights to it as such, growing out of its use, they are not in any manner involved here now. *Trade-mark Cases*, 100 U. S. 82. The only right now involved is the exclusive right to copy, and no right of action upon that appears to remain.

These considerations make it unnecessary to consider any question of infringement.

Let there be a decree dismissing the bill of complaint, with costs.