SCRIBNER *et al. v.* HENRY G. ALLEN Co.

, SAME *v.* FUNK *et al.*

(*Circuit Court, S. D. New York.* March 16, 1892.)

1. COPYRIGHT—FICTITIOUS BUSINESS NAME—INFRINGEMENT.
   One who does business under a conventional or fictitious partnership name may obtain a valid copyright under that name, and may sue to restrain an infringement thereof without averring the filing of the certificate required by the New York statutes.

2. SAME—PLEADING.
   A bill for infringement of a copyright, which avers that two copies of the book were deposited in the librarian's office at Washington within 10 days after publication, is sufficient, without alleging that the book was published within a reasonable time after the deposit of the copy of the title.

In Equity. Suits for infringement of copyright. On demurrer to the bills. Overruled.

*Rowland Cox,* for plaintiffs.
*James A. Whitney,* for defendants.

SHIPMAN, District Judge. These are demurrers to the plaintiff's bills in equity to restrain the alleged infringement of a copyright. The matters demurred to are the same in each bill, and the demurrers are, *mutatis mutandis,* identical. Each bill alleges that the authors of a book entitled "Scribner's Statistical Atlas of the United States" assigned all their right, title, and interest therein, before publication and before depositing a printed title thereof with the proper officer, to Charles Scribner, who then constituted and was the sole member of the firm of Charles Scribner's Sons, who, being such sole member, did the various acts required to copyright the book in the name of Charles Scribner's Sons. Subsequently Arthur H. Scribner became a member of said firm, which has continued to publish said book. The main ground of the demurrer is that no valid copyright exists, because Charles Scribner was engaged in business under a fictitious name, that no lawful justification for the use of said name is alleged, and that he should have caused the copyright to be taken in his individual name. It appears from the bill that the assignee and owner was, for a time, doing business under the name of Charles Scribner's Sons, and during this period he bought the right to obtain a copyright upon the book which he apparently proposed to publish, and did thereafter publish, in said business. At common law, individuals are permitted to "carry on business under any name or style which they may choose to adopt," (*Manham v. Sharpe,* 17 C. B., N. S., 442;) and, "if persons trade or carry on business under a name, style, or firm, whatever may be done by them under that name is as valid as if real names had been used," (1 Lindl. Partn., Ewell's Ed., 208.) In some of the states of this country, the use of a conventional or fictitious firm name is regulated or controlled by codes or statutes. I do not know whether the New York statutes in regard to the filing of certificates

apply to the circumstances of Mr. Scribner's case, but, assuming that they do, it was not necessary to aver in the bill that such certificates had been filed. An omission to file a certificate would have no effect upon the title of property which he had bought in the name of the firm. If he were the sole member, he became possessed of the title to the copyright. Cases cited in 1 Lindl. Partn. *supra.* It will be observed that the act of April 29, 1833, which was designed to prevent the use of fictitious partnership names, was repealed in chapter 593 of the Session Laws of 1886. The second ground of demurrer which is stated in the brief is that the bill simply alleges that Mr. Scribner deposited within 10 days after publication, in the librarian's office at Washington, two copies of the book, whereas it should also have alleged that the book was published within a reasonable time after the deposit of the copy of the title. The averments in the bill state a compliance with the statutory provisions, and follow the language of the statute, and are more full than those in precedents which have received the sanction of high authority. Curt. Eq. Prec. 38. The demurrers are overruled, with costs, and leave to answer on the next succeeding rule-day.