## OSGOOD v. A. S. ALOE INSTRUMENT CO.

### (Circuit Court, E. D. Missouri, E. D. June 15, 1895.)

### No. 3,839.

1. EQUITY PLEADING—EXCEPTIONS TO ANSWER.

It is no ground of exception to an answer that it is not entitled in the case so as to agree with the names of the parties as they appear in the bill, or that, being the answer of a corporation, it is not sworn to by any officer or representative thereof. The proper remedy, in case of such defects, is a motion to strike the answer from the files.

2. SAME.

An attempt to involve an affirmative defense in a denial of the averments of the bill, by expanding the denial beyond the scope and meaning of such averments, is inadmissible, and the matter is subject to exception.

3. SAME—EXCEPTIONS FOR IMPERTINENCE.

An exception for impertinence must be allowed in whole or not at all.

4. COPYRIGHT—INFRINGEMENT SUIT—DEFECTIVE ANSWER.

In a suit for infringement of a copyright, an answer averring that the copy of complainant's book, of which profert was made in the bill, is not a true copy of the copyrighted book, but that the title-page thereof had been removed, and another page substituted therefor, containing matter materially different from the title-page of the copyrighted book, is insufficient to constitute a defense, unless it further avers that the substitution was made after the publication of the book; for a change prior to that time might be proper and necessary.

5. SAME—SUFFICIENCY OF NOTICE OF COPYRIGHT.

A notice as follows: "Copyright, 1891. All rights reserved,"—is not a sufficient notice of copyright, as the law requires that the name of the person by whom the book is copyrighted shall be stated.

6. SAME—COPIES DEPOSITED IN LIBRARY OF CONGRESS.

It is not necessary to a valid copyright that the copies deposited with the librarian of congress shall contain any notice of the copyright itself.

7. SAME—WORK DONE IN FOREIGN COUNTRIES.

It is not incumbent on complainant, in the first instance, to allege or prove that her copyrighted books were printed from type set within the limits of the United States, etc., as required by section 4956, Rev. St. Such, if it be a fact, is subject-matter of affirmative defense.

This was a bill in equity by Adelaide H. Osgood against the A. S. Aloe Instrument Company for infringement of a copyright. Complainant excepts to certain parts of the answer.

Paul Bakewell, for complainant.

M. B. Jonas and A. C. Fowler, for defendant.

ADAMS, District Judge. This is an action for an alleged infringement of a copyright. An answer was filed, and complain-

ant excepts to several of its parts. The particulars will appear hereafter.

1. The first exception is taken because, as is said, the answer is not entitled in the case so as to agree with the names of the parties as they appear in the amended bill. This, if true, is not ground for exception at all. The remedy for such failure is to move to take the answer from the files. But, as a matter of fact, the answer is not defective in the particular complained of, as there appears to be an appropriate heading, as follows: "The Answer of the Aloe Instrument Company, Defendant, to the Amended Bill of Complaint of Adelaide H. Osgood, Complainant." This is a perfect title, and it is not rendered imperfect by the fact that the pleader premised this heading by the style, "Osgood vs. Aloe." The first exception is, therefore, disallowed.

2. The second exception is taken because, as is said, the answer filed in the cause does not appear to be sworn to by any officer or representative of defendant corporation. If such were in fact true, it does not afford ground for exception to the answer, either for insufficiency, scandal, or impertinence. The proper remedy for this, also, is to move to take the answer from the files. However, I do not think the allegation in the exception is true, for the following reasons: The answer referred to concludes as follows: "In testimony whereof the said defendant, the Aloe Instrument Company, has caused its corporate name and seal to be hereto affixed by Sidney Aloe, its president." The affidavit is made by Sidney Aloe, in which he states that he has "read the foregoing answer, and knows the contents thereof, and that the same is true, of his own knowledge," etc. Preceding this affidavit, at the end of the answer, he signs himself as president of the A. S. Aloe Instrument Company. This exception is therefore disallowed.

3. The third exception is for impertinence, and excepts to that part of defendant's answer which reads as follows:

"The defendant, further answering, denies that the book marked 'Complainant's Book,' of which profert is made in the said amended bill of complaint, is a true and substantial copy of the said copyrighted book, but avers that the title-page of the book so marked had been removed, and another page substituted therefor, which substituted page contains matter materially and vitally different from the matter contained on the title-page and the page immediately following the title-page of the copyrighted book, the matter on said pages of the said copyrighted book being fatally defective."

This part of the answer, so far as it can be claimed to be responsive to any allegations of the amended bill, is responsive to that part of the amended bill reading as follows:

"And your orator marks one of her books, 'Complainant's Book,' and is ready to produce the same in court, if required."

So far as the portion of the answer excepted to consists of a denial, it is manifestly broader than the averments of the bill itself, and is manifestly an attempt to involve an affirmative defense in a denial of averments of the bill itself. It is not clearly apparent for what purpose the allegation of the bill above quoted is made. It is not clear that the complainant intends to state that the book

marked, "Complainant's Book," is a true or substantial copy of her copyrighted book. It is certain, however, that the defendant cannot enlarge the scope and meaning of the averment of the bill by expanding the denial beyond the allegations of the bill.

The remaining part of the answer excepted to, as above quoted, manifestly is intended to state new matter constituting an affirmative defense. In this, I think the pleader has failed. His averments are not specific enough. In order to state an affirmative defense in the respect contemplated in this part of the answer, the pleader should make it appear affirmatively that the title-page of the book of which profert is made was removed by or at the instance of the complainant, and another page substituted therefor, after the publication of the book was made; for, if this change were made prior to the publication, it might have been entirely proper and necessary so to do to conform to the true and legal notice of copyright. The pleader should also state the facts and particulars in respect of which the matter on the title and next following page of the copyrighted book are fatally defective, rather than to state, as he does, that the above-mentioned matter is "fatally defective." I think the portion of the answer criticised by the third exception, as pleaded, constitutes no defense, and that the exception thereto for this reason also is well taken. It is therefore allowed.

4. The fourth exception relates to that portion of the answer which denies that the complainant has given notice of her copyright, as required by law, in this: that she did not insert on the page immediately following the title-page, nor at any other place, a notice as follows: "Copyright, 1891, by Adelaide H. Osgood. New York. All rights reserved." For the balance of the answer excepted to reference may be had to exception 4. Inasmuch as a large part of the matter excepted to in this fourth exception consists of a denial of averments of the bill, it is manifest that the exception cannot be allowed, as the answer is, so far at least, responsive to the averments of the bill. An exception for impertinence must be allowed in whole or not at all. But, as counsel have argued the exception on other grounds, I will add that, immediately following the denials in that part of the answer excepted to, appears an affirmative statement of facts which, if true, support the prior denial. This affirmative statement is as follows: "First. That the notice of copyright contained in said book was and is as follows: 'Copyright, 1891. All rights reserved.'" And, after specifying what elements of a lawful notice are omitted, the pleader proceeds and says: "That the books deposited with the librarian of congress contained copyright notice as last stated,—that is: 'Copyright, 1891. All rights reserved;' and that the said books published and sold by complainant contain this latter notice of copyright, and not the notice of copyright as alleged by the complainant in her said bill." This, in my opinion, is a sufficient statement that the books published and sold by complainant contain a notice of copyright in the following language: "Copyright, 1891. All rights reserved." This being no sufficient notice under the law, it is the equivalent of plead-

ing that the complainant published and sold books without any lawful copyright notice, inasmuch as the law requires that a lawful copyright notice must state the name of the person by whom the book is copyrighted. The portion of the answer complained of in this fourth exception, which states that "the books deposited with the librarian of congress contain copyright notice as last stated,— that is, without the name of the person by whom the book was copyrighted," even if impertinent and immaterial, cannot be expunged on this exception, as the exception itself must be overruled on the principle above announced. Yet, I have examined fully the elaborate briefs of counsel on the question whether the books deposited by the person seeking copyright must themselves contain copyright notice. It seems to me that the act of transmitting to or depositing with the librarian of congress two copies of the book for which copyright is sought is an act required by the act of congress to secure a copyright, and that, under the statute, it is not necessary that those books should contain any notice of the copyright itself. I have no knowledge, except that stated in the argument of counsel, that these books, when deposited with the librarian of congress, are treated by the librarian of congress as published, or are subject to the inspection or use of the public. Even if that were so, I should not hold, under the authorities shown, or under the language of the act of congress itself, in relation to copyright, that the depositing of the two books in question for the purposes of securing the copyright, was, in itself, such a publication of the book as would destroy the copyright if there were no proper notice of copyright in them. That portion of the answer, therefore, which alleges that the books deposited with the librarian of congress contain improper or unlawful copyright notice would not, by itself, constitute a defense to the complainant's action. But for that reason only the averment should not necessarily be held impertinent, as it is an averment which, taken with others, might be very proper in answering a bill containing the averments which the complainant's bill contains. The fourth exception must be disallowed.

5. The fifth exception is predicated upon that part of the defendant's answer wherein the defendant says that its said catalogue (referring to a catalogue published by the defendant) is copyrighted, and contains proper copyright notice required by law. This averment of the answer is strictly responsive to the allegations of the bill which, in terms, allege that the defendant published its catalogue without the proper copyright notice required by law. It is, therefore, not impertinent. The fifth exception is disallowed.

6. The sixth exception assails that part of the answer in which the defendant says:

"He has no information whether or not the two copies of the said book delivered or deposited, as alleged in the bill of complaint, in the office of the librarian of congress, were printed from type set within the limits of the United States or from plates made therefrom, or from negatives or drawings on stone made within the limits of the United States, or from transfers made therefrom, as required by section 4956 of the Revised Statutes, in force July 1, 1891; and therefore the defendant requires strict proof thereof."

The exception to this part of the answer is for alleged impertinence, and, according to the argument of counsel, is intended primarily to raise the question whether the burden rests upon the complainant to allege and prove that the work above mentioned was done within the limits of the United States. The act of congress in question does not, in terms or by fair implication, make the doing of this work within the limits of the United States a condition precedent to securing a valid copyright. Section 4956, supra, merely prohibits, "during the existence of such copyright, the importation of any book  *  *  * so copyrighted or any plates of the same, not made from type set  *  *  * within the limits of the United States," etc. It is necessary for the complainant to allege and show that she deposited with the librarian of congress, on or before the day of publication, a printed copy of the title-page of her book, and also two copies of her book, and that she has given the lawful copyright notice. Further than this complainant is not required to go in making out a prima facie case of legal copyright. For another reason, also, this exception ought to be allowed. The bill does not allege that the books in question were printed from type set within the limits of the United States. It contains no allegations on the subject. If the defendant's views are correct, that the burden is upon the complainant to aver and prove such fact in order to establish a copyright, the bill is fatally defective, and the defendant's remedy is by demurrer. The defendant cannot make an issue by denying averments not made. Exception 6 is, therefore, allowed.