## HOERTEL v. RAPHAEL TUCK SONS & CO.

(Circuit Court, S. D. New York. June 8, 1899.)

COPYRIGHTS—FALSE NOTICES.

> A false copyright notice, impressed on a book or other publication, to subject the person so impressing it to the penalty imposed by Rev. St. § 4963, must contain all the essentials of a valid notice, as prescribed by section 4962, and a notice which omits the date of the alleged copyright will not sustain an action for the penalty.

On Demurrer to Complaint.

Harry E. Knight, for complainant.
Wm. A. Jenner, for defendant.

LACOMBE, Circuit Judge. The defendant in this case is not liable for the penalties sued for, since he has kept carefully outside of the express language defining the offense charged. The notices which are found impressed on the fancy cards which it has imported and sold do not contain any date of alleged copyright,—an essential element of the copyright notice required by section 4962, Rev. St. The phrases used in section 4963, viz. "such notice of copyright or words of the same purport" and "a notice of United States copyright," refer most clearly to the notice specified in section 4962; and, while

the courts have been liberal in holding any form of notice sufficient which contains the essentials of "name," "claim of exclusive right," and "date when obtained" (Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279; Bolles v. Outing Co., 23 C. C. A. 594, 77 Fed. 966), they have not yet sustained the sufficiency of a notice which wholly omits some one of these three essentials.    The demurrer is sustained.