MIFFLIN et al. v. DUTTON et al.

SAME v. R. H. WHITE CO.

(Circuit Court, D. Massachusetts. March 18, 1901.)

Nos. 1232, 1290.

1. COPYRIGHT—VALIDITY—FAILURE TO INSERT CORRECT NOTICE.

While the parts of a book were being published serially in a magazine the book as a whole was copyrighted by the author and published. The remaining parts were thereafter published in the succeeding numbers of the magazine, which were copyrighted by the publishers, and notice of such copyright in their name was printed therein. *Held*, that the parts which had appeared in the magazine prior to any copyright by such publication became public property, under the copyright law of 1831 (4 Stat. 436, §§ 1, 4), and that as to the remaining parts the author's right was vitiated by the copyright notices printed in the magazine giving the name of the publishers, instead of the author, under section 5 of

the act, which requires a notice of copyright to be inserted in "the several copies of each and every edition" published, stating, among other things, the name of the person taking out such copyright.

2. SAME.
   A copyright of a book is invalid where the notice printed therein gives the name of the author as having taken such copyright, while the serial numbers of a magazine in which the contents of the book were first published were copyrighted by the publishers, and the notices printed therein showed such copyright in their name.

In Equity. Suits for infringement of copyrights. On demurrers to bills.

Elder, Wait & Whitman, for complainants.
Andrew Gilhooley and Ralph W. Foster, for defendants.

COLT, Circuit Judge. In Holmes v. Hurst the supreme court held that the serial publication of "The Autocrat of the Breakfast Table" in the Atlantic Monthly, a periodical magazine, vitiated a copyright of the whole book subsequently obtained by its author, Oliver Wendell Holmes. In the construction of sections 1 and 4 of the act of February 3, 1831, c. 16, the court observed:

"The substance of these enactments is that by section 1 the author is only entitled to a copyright of books not printed and published; and by section 4, that, as a preliminary to the recording of a copyright, he must, before publication, deposit a printed copy of the title of such book."

4 Stat. 436.
In the course of its opinion, the court said:

"We have not overlooked the inconvenience which our conclusions will cause, if, in order to protect their articles from piracy, authors are compelled to copyright each chapter or installment as it may appear in a periodical, nor the danger and annoyance it may occasion to the librarian of congress, with whom copyrighted articles are deposited. if he is compelled to receive such articles as they are published in newspapers and magazines; but these are evils which can be easily remedied by an amendment of the law." 174 U. S. 82, 87, 90, 19 Sup. Ct. 606, 609, 43 L. Ed. 904, 907.

In the two cases at bar it appears from the allegations of the bills that before any copyright was taken out the first 29 of the 42 chapters of "The Minister's Wooing," by Harriet Beecher Stowe, were published in the serial numbers of the Atlantic Monthly, beginning with December, 1858, and ending with October, 1859, and that 10 of the 12 parts of "The Professor at the Breakfast Table," by Oliver Wendell Holmes, were published in the serial numbers of the same magazine, beginning January, 1859, and ending with October, 1859. In October, 1859, Mrs. Stowe took out a copyright in "The Minister's Wooing," as a whole, before its publication. The notice of copyright inserted in the book was as follows:

"Entered according to act of congress, in the year 1859, by Harriet Beecher Stowe, in the clerk's office of the district court of the district of Massachusetts."

After the publication of the book, the remaining 13 chapters of "The Minister's Wooing" were published in the November and December numbers of the Atlantic Monthly for the year 1859. The publishers took out a copyright in these numbers of the magazine.

The notice of copyright on the page following the title page was as follows:

"Entered according to act of congress, in the year 1859, by Ticknor & Fields, in the clerk's office of the district court of the district of Massachusetts."

By section 5 of the act of February 3, 1831 (4 Stat. 436), it is provided:

"That no person shall be entitled to the benefit of this act, unless he shall give information of copyright being secured, by causing to be inserted, in the several copies of each and every edition published during the term secured on the title-page, or the page immediately following, if it be a book, * * * the following words, viz.: 'Entered according to act of congress, in the year ———, by A. B., in the clerk's office of the district court of ———.' "

Upon the authority of Holmes v. Hurst, supra, the first 29 chapters of "The Minister's Wooing" became public property, and we have only to consider whether a valid copyright exists in the remaining 13 chapters. It is true that Mrs. Stowe, by taking out a copyright in her whole work in October, 1859, secured a valid copyright in these 13 chapters. The question is, has she not vitiated this copyright by failing to insert the proper notice of her copyright in the November and December numbers of the Atlantic Monthly, in which this portion of her work was also published? The magazine contained a notice that it was copyrighted by Ticknor & Fields, and it is maintained that this is not a compliance with the notice required by section 5 of the act of February 3, 1831. The law seems to be settled that the name of the party taking out the copyright must be inserted in the notice of every edition published, and that the failure to do this vitiates the copyright. A literal compliance with the statute may not be required, but the notice must contain the essentials of the name, claim of exclusive right, and the date when obtained. Under the authorities, I must hold that the insertion of the name "Ticknor & Fields" in the copyright notice in the Atlantic Monthly for the months of November and December, 1859, was an insufficient notice of Mrs. Stowe's copyright, and invalidates her right to any copyright in that portion of her book. The contention of the complainants that Ticknor & Fields were the agents of Mrs. Stowe, and that the insertion in the notice of the name of an agent sufficiently satisfies the requirements of the statute, is clearly unsound. Thompson v. Hubbard, 131 U. S. 123, 149, 150, 9 Sup. Ct. 710, 33 L. Ed. 76; Lithographic Co. v. Sarony, 111 U. S. 53, 55, 4 Sup. Ct. 279, 28 L. Ed. 349; Osgood v. Instrument Co. (C. C.) 83 Fed. 470; Id. (C. C.) 69 Fed. 291; Hoertel v. Tuck Sons Co. (C. C.) 94 Fed. 844; Higgins v. Keuffel (C. C.) 30 Fed. 627; Id., 140 U. S. 428, 11 Sup. Ct. 731, 35 L. Ed. 470; Jackson v. Walkie (C. C.) 29 Fed. 15.

In "The Professor at the Breakfast Table" the facts alleged in the bill are somewhat different, although the case is governed by the same principle. The last two parts of this work were published in the December number of the Atlantic Monthly for 1859, and a copyright was taken out by Ticknor & Fields in that number. In the latter part of that month, Dr. Holmes entered his en-

tire work for copyright, and subsequently published it, inserting the following notice in his book:

"Entered according to act of congress, in the year 1859, by Oliver Wendell Holmes, in the clerk's office of the district court of the district of Massachusetts."

A previous copyright having been obtained in the name of the publishers, Ticknor & Fields, the subsequent notice of copyright by Dr. Holmes in his book must be held insufficient, under the cases above cited. The demurrers to the bills are sustained, and the bills are to be dismissed.