ILLINOIS SURETY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 87.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Illinois Surety Company. Judgment for the United States, and defendant brings error. Affirmed.

Nelson L. Keach, of New York City (L. Laflin Kellogg and Alfred C. Pette, both of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Harold A. Content, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The complaint alleges the arrival on November 25, 1913, at the port of New York of Gerra Basil, an alien aged 50 years, who was a native of Turkey; that the Secretary of Labor admitted her into the United States upon her giving a bond in the sum of $500 so conditioned that the obligors should be bound to make written reports to the immigration officer in charge at the port of New York within thirty days prior to the expiration of six months and one year, respectively, from the date of the bond, showing as to said alien (a) residence and (b) occupation; that the bond was given as required, and that the Illinois Surety Company, hereinafter called the defendant, executed it as surety on December 6, 1913; that the defendant committed a breach of this condition of the bond not having sent to the immigration officer the written report as required; that by

reason of said breach the full penalty named in the bond, to wit, the sum of $500 was due to the United States. The above condition of the bond was not the only one it contained, but as they do not need to be considered they will not be mentioned.

It is conceded that the bond was duly executed and that the written report as required by the bond was not furnished to the Commissioner of Immigration. The defendant claims that the bond was unauthorized by the act of February 20, 1907, c. 1134, § 26, 34 Stat. 906 (U. S. Comp. Stat. 1913, vol. 2, § 4275), and that the bond is therefore void. The defendant also claims that the complaint should have been dismissed, not only upon the above named ground, but because there is absolutely no proof of damages.

At the close of the case the defendant moved for the direction of a verdict, which motion was denied, and an exception was taken. Thereupon the plaintiff moved for the direction of a verdict in its favor, which motion was granted, and a verdict was directed for the full amount of the bond. The important questions involved in this case are similar to those involved in the case brought between the same parties on the bond of Giovanni Pace, just decided by this court, 229 Fed. 527, ―― C. C. A. ――, and are governed by it.

Judgment affirmed.