## UNITED STATES v. FELDMAN.

(Circuit Court of Appeals, Second Circuit. December 11, 1917.)

No. 65.

1. ALIENS ☞54—IMMIGRATION—ADMISSION UNDER BOND.
    It is proper to take a bond conditioned that an alien contemporaneously admitted into the country shall not within a time limited become a public charge, and providing that the surety shall at stipulated intervals make written reports as to the alien's residence and occupation, and such a bond is a legal instrument.

2. EVIDENCE ☞71, 83(1)—PRESUMPTIONS.
    There is a presumption of the delivery of properly addressed mail matter deposited in the United States mails; and there is also a presumption that officials of the immigration office will keep notices that they receive from the mail.

3. ALIENS ☞54—BONDS—ACTIONS—JURY QUESTION.
    In an action on a bond conditioned that an alien should not, within a stipulated time after admission, become a public charge, and which required the surety to make written reports at designated intervals to the immigration officer as to the alien's residence and occupation, where the surety testified to mailing such reports and immigration officials denied possession of the same, there are two conflicting presumptions, each based on official performance of duty, and hence the question whether the condition of the bond was broken is for the jury.

In Error to the District Court of the United States for the Eastern District of New York.

Action by the United States against Wolf Feldman. There was a judgment for defendant, and the United States brings error. Reversed, and new trial ordered.

The United States sued Feldman as the surety upon a bond conditioned that a certain alien, contemporaneously admitted into the country, should not, within a time limited in said bond, become a public charge, and that the surety should "within 30 days prior to the expiration of six months and one year, respectively, from the date [of the bond], make written reports to the immigration officer in charge of the port of New York, showing as to said alien (a) residence and (b) occupation." The complaint charged that Feldman had not made either of the reports specified in the condition, and demanded judgment accordingly.

Plaintiff proved that no reports were upon the file of similar documents in the office of said immigration officer, and also proved the course of business in respect of such documents. Defendant testified that he had procured other persons to write proper reports for him; that as to one report he supposed that the writer had mailed it, and the other he had himself mailed, and knew that it was addressed "Commissioner Immigration, Ellis Island, New York City." Thereupon the court directed a verdict for defendant. Such direction is assigned for error.

Melville J. France, U. S. Atty., of Brooklyn, N. Y. (Thomas J. Cuff, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Moe Shapiro, of New York City (Irwin J. Sikawitt, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOUGH, Circuit Judge (after stating the facts as above). [1] The legality and propriety of the bond in suit was established by us in Illinois Surety Co. v. United States, 229 Fed. 533, 143 C. C. A. 601, an action upon an exactly similar document.

[2, 3] The testimony on behalf of the government raised a presumption that no notice had been sent, for the officers and employés of the postal service are presumed to have done their duty and made delivery of all properly addressed mail matter intrusted to their care; equally, also, are the officials of the immigration service presumed to have kept what they received. Defendant's testimony tended to show (as to at least one of the two required notices) that the same had been received, and for substantially the same reasons. Rosenthal v. Walker, 111 U. S. 193, 4 Sup. Ct. 382, 28 L. Ed. 395; Dunlop v. United States, 165 U. S. at 495, 17 Sup. Ct. 375, 41 L. Ed. 799, and cases cited. Thus a question for the jury was presented, peculiarly suitable for its decision, and it was error to direct a verdict for either party.

Judgment reversed, and new trial ordered.