## FLEISCHER STUDIOS, Inc., et al. v. RALPH A. FREUNDLICH, Inc., et al.

### No. 63.

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1934.

Lind, Shlivek, Marks & Brin, of New York City (Max Shlivek and Saul S. Brin, both of New York City, of counsel), for appellants.

Phillips & Nizer, of New York City (Louis Nizer, Arthur B. Krim, and Robert S. Benjamin, all of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

A decree for copyright infringement was entered below, together with an injunction and reference to a master for the purpose of establishing damages and profits. Infringement resulted from the manufacture by the appellants of dolls copying the appellees'

copyrighted book of cartoons, picturing a character called "Betty Boop," which had been popularized on the motion picture screen. The copyright, the complaint alleges, is for a series of original unpublished cartoons in various poses and expressions of a certain female character having a unique and original face, pouting in baby fashion.

Fleischer Studios, Inc., obtained the copyright for this book on July 29, 1931, and it granted to Fleischer Art Service, Inc., an exclusive right to make and publish throughout the world under this copyright copies of prints and reprints, forms, versions, alterations of the work, depicted in copyright, in the form of toys, figures, dolls, statues, models, and playthings in three dimensional objects. Fleischer Art Service, Inc., later granted to Joseph P. Kallus the exclusive right to make and distribute under the copyright for five years copies thereof, in the form of toys and dolls. He did so, distributing thousands of them.

Appellants deny infringement, and argue that the copyright is invalid because the appellees published copies of the copyrighted work without complying with sections 9 and 18 of the Copyright Law (USCA title 17, §§ 9 and 18). This alleged invalidity presents the question of the sufficiency of notice as required by the statute (USCA title 17, § 9). Any person entitled thereto may secure a copyright for his work by publication thereof with notice of copyright as required by the act. The notice "shall be affixed to each copy thereof published or offered for sale in the United States by authority of the copyright proprietor, except in the case of books seeking ad interim protection under section 21 of this title." Section 18 provides that the notice required by section 9 "shall consist either of the word 'Copyright' or the abbreviation 'Copr.,' accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication."

The appellant argues that the notice, in the form of "Betty Boop des. and copyrighted by Fleischer Studios," which was placed upon the front of the doll's skirt, was insufficient to comply with the statute, and that each appellee assumed direct responsibility for the form of the notice so affixed to the appellees' doll. The notice is claimed to be insufficient, in that it fails to use the correct name, Fleischer Studios, Inc., instead of Fleischer Studios, and omits the year of the grant of the copyright. The argument proceeds that the law of copyright is statutory and demands strict compliance with the requirements of notice if the copyright is to receive protection under the statute. Caliga v. Inter Ocean Newspaper Co., 215 U. S. 182, 30 S. Ct. 38, 54 L. Ed. 150; American Tobacco Co. v. Werckmeister, 207 U. S. 284, 28 S. Ct. 72, 52 L. Ed. 208, 12 Ann. Cas. 595. The provisions of the statute, as to notice, must be complied with in making and selling a copyrighted article, or otherwise there is a dedication to the public and the copyright protection is lost. "Publication with notice of copyright is the essence of compliance with the statute, and publication without such notice amounts to a dedication to the public sufficient to defeat all subsequent efforts at copyright protection." Universal Film Mfg. Co. v. Copperman (D. C.) 212 F. 301, 302, affirmed (C. C. A.) 218 F. 577. See Mifflin v. R. H. White Co., 190 U. S. 260, 23 S. Ct. 769, 47 L. Ed. 1040; Thompson v. Hubbard, 131 U. S. 123, 9 S. Ct. 710, 33 L. Ed. 76; Haas v. Leo Feist, Inc. (D. C.) 234 F. 105.

However, failure to add "Inc." to the name Fleischer Studios was not fatal to the notice as to the proprietor of the copyright. The omission in no way disguised the identity of the party who had registered the copyright. The notice as given disclosed the identity of the proprietor. It is no different from instances where the copyright is taken out in the full name of the owner and the notice on copies included only the surname or some abbreviation. Such notices have been held sufficient. Burrow-Giles Litho. Co. v. Sarony, 111 U. S. 53, 4 S. Ct. 279, 28 L. Ed. 349; Woodman v. Lydiard-Peterson Co. (C. C.) 192 F. 67. The purpose of the statute's requirement as to notice is to prevent innocent persons who are unaware of the existence of the copyright from suffering for making use of the copyrighted article. W. H. Anderson v. Baldwin Law Pub. Co., 27 F.(2d) 82 (C. C. A. 6); Stecher Litho. Co. v. Dunston Litho. Co. (D. C.) 233 F. 601. A reasonable construction of the statutory requirement shows that the name of the copyright proprietor, is sufficient in form, if it gives notice of copyright to one who is looking for the truth and who desires to avoid infringement. This name, "Fleischer Studios," would lead such a person to the owner and would sufficiently aid in tracing his title if need be. Werckmeister v. Springer Litho. Co. (C. C.) 63 F. 808; Scribner v. Henry G. Allen Co. (C. C.) 49 F. 854. No one would have been better forewarned or informed by adding the word

"Inc." to the corporate name of Fleischer Studios. Certainly there was enough notice given thereby to guard against infringement.

 As to the notice of date required by the statute, section 18 of the Copyright Law (17 USCA § 18) provides that the year in which the copyright was secured by publication shall be inserted in the notice if it be a printed literary, musical, or dramatic work. This section does not require notice of the year in other copyrightable articles. What was copyrighted here did not come within the statutory classification. The cartoon characters displayed in bound leaf form constitute neither a printed literary, musical, nor dramatic work. To say that the appellees' article is a book and as such is a literary work would be incorrect. The copyright of April 29, 1802 (chapter 36, 2 Stat. 171), specifically mentioned a book. Section 18 of the present law does not. USCA title 17, § 18. A book is one of the classifications of the present law and is copyrightable as such. USCA title 17, § 5 (a). This book of cartoons depicting a series of unconnected poses is without story or continuity, and may not be said to be a printed literary work as referred to in section 18.

The authorities to which appellant refers us (Thompson v. Hubbard, 131 U. S. 123, 9 S. Ct. 710, 33 L. Ed. 76; Mifflin v. R. H. White Co., 190 U. S. 260, 23 S. Ct. 769, 47 L. Ed. 1040; Record & Guide Co. v. Bromley (C. C.) 175 F. 156; West Pub. Co. v. Edward Thompson Pub. Co. (C. C.) 169 F. 833; Hoertel v. Raphael Tuck Sons & Co. (C. C.) 94 F. 844) were clearly within the classification of printed literary, dramatic, or musical work. No notice of the year in which copyright was secured was therefore required, under the statute, for this copyrighted article or work, since it is not specified in section 18. Congress apparently did not intend to require a date of copyright for other classifications, such as drawings or works of art, for otherwise we should find that requirement within the statute.

 The infringement charged was a reproduction of the Betty Boop cartoon in manufacturing a doll. This, a three-dimensional form of doll, is an infringement of the two-dimensional picture or drawing. King Features Syndicate v. Fleischer, 229 F. 533 (C. C. A. 2). What the appellant constructed is recognizable by an ordinary observer as having been taken from the copyrighted source. Such is an infringement. Nutt v. National Institute, 31 F.(2d) 236 (C. C. A. 2); Gerlach-Barklow Co. v. Morris & Bendien (C. C. A.) 23 F.(2d) 159. The essential characteristics of appellees' copyrighted character are reproduced. There is the broad baby face, the large round flirting eyes, the low-placed pouting mouth, the small nose, the imperceptible chin, and the mature bosom. As the late and learned Judge Coleman who granted a preliminary injunction to the appellee stated: "It was a unique combination of infancy and maturity, innocence and sophistication" as depicted. Slight difference and variations will not serve as a defense. Gross v. Seligman, 212 F. 930 (C. C. A. 2). There is infringement, and the decree below must stand.

Decree affirmed.