### SMITH et al. v. BARTLETT.

District Court, D. Maine.

Jan. 29, 1937.

Harry L. Cram and Reginald H. Harris, both of Portland, Me., for plaintiffs.

Daniel McDonald, of Portland, Me., for defendant.

PETERS, District Judge.

This bill in equity, seeking an injunction and damages for infringement of a copyright, was heard on bill, answer, and proof.

The plaintiffs, doing business under the name of Doll & Smith, took the required statutory steps to copyright their publication called "Publicity Guide for Radio Dealers, Cy Cology Series," and, in 1925, received a certificate of copyright registration.

The publication referred to is a bound collection of about 75 separate pages of cartoons to be used for advertising purposes, each cartoon showing an amusing figure of an old man of the "hayseed" type, referred to as "Cy Cology." The printed matter below the cuts contains some aphorism or droll saying of the old man, all adapted to catch the eye of a person reading a newspaper or magazine in which the cut appears. Each cartoon shows a different pose of the figure, and is printed in the middle of the page with a statement below that a cut, in a size about one and a half by three inches, mounted on wood, will be furnished with reading matter to customers.

The bound collection, which is the subject of the copyright, and of which only one copy is said to be in existence, on the outside cover contains the words "Copyrighted 1925 by Doll & Smith, 450 Fourth Avenue, New York," and on the inside of the cover, which is of paper, a notice that the work is copyrighted.

It was the custom of the plaintiffs to sell the exclusive right to use the cuts and reading matter which they furnished for advertising purposes, and such a right to the use of the so-called Cy Cology material

was sold by them to a coal concern in Portland, in 1929, to continue for seventeen years, for a total price of $208. The coal company advertised in a local Portland paper and carried the cuts and advertising matter such as is found in the plaintiffs' bound collection; but in the prints made from the copper cuts furnished by the plaintiffs and published by the coal concern in Portland papers there is nothing showing a claim of copyright and no name of a copyright proprietor, nor does anything of the kind appear on the back or face or any part of the copper cuts based on wood furnished by the plaintiffs. On the cuts published in the newspapers (the cuts being printed from material furnished by plaintiffs and published by their authority), there is, barely discernible, a very small mark near the lower part of the figure, which mark the plaintiffs say is "D. S." with the letter "c" in a circle. The plaintiffs claim that this mark or symbol is a compliance with the statute as to notice (U.S.C.A. title 17, §§ 9 and 18). It is impossible with the naked eye to identify the marks as such. Even with the use of a miscroscope and some imagination, and with the knowledge of what they are supposed to be, it is not possible to read them with certainty.

Some time after the above publications, the defendant, a young man doing a radio and repair business in Portland under the name of the Bartlett Radio Company, got up some advertising matter of his own, for his own business, in which he used the same figure of the old man found in the bound collection of the plaintiffs and in the published advertisements of the Portland coal concern.

The defendant had no knowledge that this figure was copyrighted and no knowledge that the plaintiffs had any connection with it. He found the copper cut which he used among the effects of his deceased father who had no connection with the plaintiffs.

Upon receiving notice from the plaintiffs that an infringement was claimed, the defendant immediately ceased using his cut as far as possible, but he had already published in the Portland telephone directory his advertisement containing it, and that directory is still in circulation.

A representative of the coal company testified that there was no objection on its part to the defendant's use of the cut (although no express permission had been giv-

en for its use), and there is no evidence that the plaintiffs sustained any financial loss by the innocent use of the cut by the defendant.

The only question is whether there has been technical infringement of the copyright and whether there should be an injunction.

I can hardly see how section 20 of title 17 of the U.S.C.A. can apply, because that is applicable only to a situation where the notice of copyright has been accidently omitted from some of the published copies. In this case the omission of copyright claim was not an accidental omission in some publications out of many, but apparently applied to all the cuts put out by the plaintiffs, as the individual cuts in the bound collection of the plaintiffs ·had no more legible copyright notices or symbols than the cuts published in Portland with the consent of the plaintiffs.

I am driven to the conclusion that the plaintiffs have forfeited their right to the relief prayed for. Copyright holders are given certain monopolistic rights by statute, but they can be maintained only by complying with the terms of the statute, which provides, as to notice, for the benefit and protection of third persons, that the notice of copyright shall be affixed to each copy published or offered for sale in the United States by authority of the copyright proprietor, the required notice to contain either the word "copyright" or its abbreviation, accompanied by the name of the proprietor or, if the work comes within the category of drawings, photographs, prints, or pictorial illustrations, it may consist of the letter "c" inclosed within a circle, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor; but, in that case, the name of the proprietor must appear "on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of· the substance on which such copies shall be mounted." U.S.C.A., title 17, §§ 9 and 18.

"The provisions of the statute, as to notice, must be complied with in making and selling a copyrighted article, or otherwise there is a dedication to the public and the copyright protection is lost.

" 'Publication with notice of copyright is the essence of compliance with the statute, and publication without such notice amounts to a dedication to the public sufficient to defeat all subsequent efforts at copyright protection.' Universal Film Mfg. Co. v. Copperman (D.C.) 212 F. 301." Fleischer Studios v. Freundlich (C.C.A.) 73 F.(2d) 276, 277.

If a copyright owner desires to preserve his monopoly he must put the public on notice that he claims it. By a publication without such notice he is presumed to waive his right and to give his work to the public. Goes Lithographing Co. v. Apt Lithographic Co. (D.C.) 14 F.Supp. 620; Thompson v. Hubbard, 131 U.S. 123, 9 S. Ct. 710, 33 L.Ed. 76.

The defendant innocently came into possession of a cut or drawing which had been once copyrighted by the plaintiffs but which, as it now appears, they had— perhaps unintentionally—dedicated to the public, by permitting copies to be published with their authority in the United States without the statutory notice of their proprietary interest.

The plaintiffs, perhaps, attempted to comply with the provisions of section 18 and to place the short form of notice on their published cuts, but they failed because their inscription was not clear and legible enough to give any real notice and because their names were nowhere given, as required by section 18. Under the circumstances, judgment must be for the defendant with costs.