### WILDMAN v. NEW YORK TIMES CO.

District Court, S. D. New York.

Nov. 17, 1941.

Joseph J. Jacobs, of New York City, for plaintiff.

Cook, Nathan, Lehman & Greenman, of New York City (Emil Goldmark and Henry Cohen, both of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion for summary judgment. The facts are not disputed and may be found in the affidavits submitted, and in the examination of the plaintiff taken before trial.

The pertinent facts so disclosed are as follows: Plaintiff is the author of a verse entitled "Remember This". He wrote it on or about October 4, 1911, and had it printed in June, 1926. At that time it was not copyrighted and the plaintiff contends that he destroyed all the copies then printed. Plaintiff applied for a copyright and received the certificate of registration on or about July 3, 1926. On June 23, 1926, he did cause his verse to be printed on a card by a printer in Philadelphia; 3,000 copies of it. A copy of this card bearing the title "Remember This" followed by plaintiff's verse is attached to the papers. At the end of the verse, at the right is the name "F. Collis Wildman". In the lower left corner of the card is printed the word "Copyright".

Three thousand of these cards, described as above, were sold to the public by the plaintiff. On his examination before trial, plaintiff testified that he could not take his oath that he sold any before he received the copyright certificate, but that after he had received it he did sell them; that he sold the said three thousand copies and that there was not date of copyright thereon.

There is no other testimony on this point except that plaintiff did testify that for the past ten years, 1931 to 1941, on every printed card which he sold, or wherever the verse "Remember This" was printed, he had printed thereon the words "copy-

414

right" or "copr.", his name "F. Collis Wildman" and the year "1926".

Defendant publishes in the City of New York the daily and Sunday newspaper known as the New York Times. In its Sunday Edition it has a separate section known as its Sunday Book Review. As a part of this section, it maintains a page devoted to Queries and Answers. On this page are published queries from readers who desire information regarding verses, poems and other literary works. Answers are also published.

This suit arose by reason of a written request sent to defendant's newspaper for the words of the verse "Remember This" by F. Collis Wildman. Several Sundays later in its Queries and Answers page defendant printed the answer to the said request, giving the title, the name of the author and the full text of the verse; followed by "This request was answered by a number of readers, some of whom sent the poem".

Plaintiff claims that this publication in the newspaper without his consent was in derogation of his rights in the copyrighted verse. He brought this action alleging infringement of copyright. He asks for injunctive relief and statutory damages.

It is the contention of the defendant that no legal copyright exists because the plaintiff, when he published his verse, did not give the notice required by law.

The statutes pertinent to the issue are 17 U.S.C.A. §§ 9, 18 and 20:

"§ 9. Publication of work with notice. Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright required by this title; and such notice shall be affixed to each copy thereof published or offered for sale in the United States by authority of the copyright proprietor * * *."

"§ 18. Notice; form. The notice of copyright required by section 9 of this title shall consist either of the word 'copyright' or the abbreviation 'copr.', accompanied by the name of the copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication * *."

"§ 20. Same; effect of accidental omission from copy or copies. Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice. * * *."

By the provisions of the copyright act an author may secure a copyright entitling him to an exclusive monopoly for a number of years to the sale of his own production providing he conforms to the statute. These requirements are in the nature of conditions precedent to the right and must be strictly complied with. Authors take their rights under and subject to the law, and when assailed the burden is upon them to show literal compliance with each and every statutory requirement in the nature of conditions precedent. See Osgood v. A. S. Aloe Instrument Co., C.C., 83 F. 470.

The law is well settled that the provisions of the statute as to notice must be complied with and by selling a copyrighted article otherwise there is dedication to the public and the copyright protection is lost. Publication with notice of copyright is the essence of compliance with the statute, and publication without proper notice amounts to a dedication to the public sufficient to defeat all subsequent efforts at copyright protection. See Fleischer Studios v. Ralph A. Freundlich, 2 Cir., 73 F.2d 276, and cases therein cited.

"If a copyright owner desires to preserve his monopoly he must put the public on notice that he claims it. By a publication without such notice he is presumed to waive his right and to give his work to the public." Smith v. Bartlett, D.C., 18 F.Supp. 35, 37.

With the above principles in mind, I can only come to the conclusion that the plaintiff, when he had printed and sold the cards in June, 1926, dedicated his verse to the public. I can only conclude that there was no sufficient or legal copyright notice attached. There was no date attached. There apparently was no claim of copyright on the printed card by him personally, although this is somewhat questionable in view of the fact that his own name was at the end of the verse. However, he did not

comply with the statute; and the alleged notice, if it was intended as a notice of copyright, is insufficient to secure to the plaintiff any right under the copyright registration.

It amounts to publication without notice of copyright, and the effect is a dedication to the public. In Universal Film Mfg. Co. v. Copperman, D.C., 212 F. 301, 302, the court said: "Around this method of procuring copyright has grown a great body of case law, the sum of which is that publication with notice of copyright is the essence of compliance with the statute, and publication without such notice amounts to a dedication to the public sufficient to defeat all subsequent efforts at copyright protection."

██ Plaintiff, as a result of the defective notice of copyright, has dedicated the verse "Remember This" to the public and cannot maintain an action for infringement of copyright; and the subsequent efforts by the plaintiff to comply with the statute are of no avail.

██ In his testimony and in the affidavits presented to me on behalf of plaintiff, there was no attempt to claim that the issuance and sale of the three thousand cards without the proper copyright notice was due to mistake or inadvertence. Section 20 does not contemplate a mistake of law. There was a substantial number published and sold, to wit: 3,000. They were printed at the direction of the plaintiff. The whole three thousand left the printer's hands with the defective notice thereon and they were so sold by the plaintiff.

Defendant's motion granted. Settle order on notice.