### E. I. HORSMAN & ÆTNA DOLL CO., Inc., v. KAUFMAN et al. *
### SAME v. SQUIRES et al.

(Circuit Court of Appeals, Second Circuit. December 6, 1922.)

Nos. 92–136.

**1. Copyrights ⬅82—Notice on copies of works of art must be alleged on bill for infringements.**

Complainant in a suit for infringement of copyright for a work of art must allege, as well as prove, that copies made by him had thereon the name of the copyright proprietor as required by Copyright Act, § 18 (Comp. St. § 9539).

**2. Copyrights ⬅85—Preliminary injunction in infringement suit.**

Where the bill and answer in a suit for infringement of copyright present several very debatable questions, it is within the discretion of the court to refuse to grant a preliminary injunction on affidavits.

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by E. I. Horsman & Ætna Doll Company, Inc., against Alfred A. Kaufman and Lawrence L. Cowen, partners as the Gem Toy Company. Decree for defendants, and complainants appeal. Affirmed. Also by the same plaintiff against Nathan Squires and Isaac Ricklin, partners as the Acme Toy Manufacturing Company. From an order denying preliminary injunction, complainant appeals. Affirmed.

Appeals from final decree in equity, in case of defendants Kaufman et al.; and from order denying injunction pendente lite in that of defendants Squires et al.—both entered in the District Court for the Southern District of New York.

Benedict S. Wise, of New York City (O. Ellery Edwards and Wise & Ottenberg, all of New York City, of counsel), for appellants.

Munn, Anderson & Munn, of New York City (T. Hart Anderson, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge. Argument on these causes has gone beyond the necessities of decision; we prefer to base judgment on what must be decided, not on matters that might be discussed.

Both litigations arise out of the making of one plaster image, which in 1914 was lawfully owned by plaintiff's predecessor. This image was a bust, representing, in the white of plaster, the head and shoulders of an infant, wearing the chubby empty smile which for a long time we have associated with dolls' faces.

With some difficulty we assume the bust to have been a work of art, and therefore falling within section 5 (g) of the Copyright Act of 1909 (Comp. St. § 9519).

At all events, the owner declared it a work of art, of which copies were not to be reproduced for sale, by registering pursuant to section 11 of the act (Comp. St. § 9532); i. e., a photograph of the bust was filed in the proper office, complying with Rule 22. Certificate of copyright registration issued November 6, 1914, in "Class G, XXc No. 48161."

Plaintiff then proceeded to reproduce the bust mechanically in varying sizes, but making the usual hollow shoulders of a doll's head instead of the solid support as for a bust shown in the photograph filed, and in the reproductions now exhibits herein. They colored and painted to taste what they thus made; the only similarity between the thing shown by the photograph filed, and the doll's head made and sold by plaintiff rests in the features and contour of the head.

[1] We now assume with plaintiff, and with still greater difficulty, that these dolls' heads so sold by plaintiff were "reproductions" of the white plaster bust or, in the language of section 18 of the Act (Comp. St. § 9539), "copies of works" specified in section 5 (g). But such copies must be marked as required by section 18, and compliance must be averred as well as proved.

On this point the bill alleges:

"That the plaintiff and its predecessors in interest have given notice of copyright by placing on each copy of said model made by them, or either of them, the letter 'C' in a circle accompanied by the initials of the copyright proprietor, and that many thousand copies have been so made and marked with such notice and that none have been made without said notice."

This is not compliance with the act, which requires (section 18) that—

"On some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his [the proprietor's] name shall appear."

Of this defect in pleading defendant Kaufman took advantage on being sued for infringement of copyright and moved to dismiss. What plaintiff had really done appeared plainly enough by affidavit, which, of course, could not cure the defect in the bill. Plaintiff was given time to amend and refused so to do; whereupon the trial court finally dismissed the bill.

There were several other matters argued, but we have stated with approval the course taken as to one point. There was nothing else to do, and the Kaufman decree is affirmed with costs.

[2] The Kaufman decree was entered June 2, 1922, and defendants proceeded on June 27th to file two copies of the original white plaster bust of which a photograph had been filed in 1914, and procure regis-

tration of a "reproduction of a work of art" under section 5 (h). They then sued Squires as an infringer and moved for an injunction pendente lite, which the court denied without opinion, whereupon plaintiff appealed.

Various reasons for refusal are in argument attributed to the trial judge—we prefer to go by the record.

It is plain that the bill and answer in Squires' case sharply present several very debatable questions; e. g., was this image of 1914 either a work of art or the reproduction of one? Is it not a fraud upon the act to use the copyright of a work of art, of which "copies are not reproduced for sale" (section 11) as a cover for the business of making dolls' heads, which as heads are not capable of copyright?

The foregoing by no means exhausts the queries suggested, and it follows that with nothing but scanty partisan affidavits before him the judge below was well warranted in refusing preliminary relief, and referring plaintiff to final hearing.

The order in Squires' case is affirmed, with costs.