AMERICAN TRAVEL & HOTEL DIREC-
TORY CO., Inc., v. GEHRING PUBLISH-
ING CO., Inc.

(District Court, S. D. New York. February 9,
1925.)

1. Copyrights ⬅29—That title-page of book
is preceded by advertising pages does not in-
validate copyright.

That the title-page of a book, with the
name of the publisher and copyright notice, is
preceded by advertising pages, does not in-
validate the copyright.

2. Copyrights ⬅27—Book held copyrightable
as "directory."

Book containing list of hotels throughout
country, with certain information concerning
them, held a "directory," and covered by copy-
right taken out on it as such.

3. Copyrights ⬅83 — Reproducing "decoy"
misinformation and common errors held to es-
tablish infringement of hotel directory.

Evidence showing reproduction of "decoy"
misinformation and common errors held to es-
tablish infringement of complainant's copyright
of a hotel directory.

In Equity. Suit by the American Travel
& Hotel Directory Company, Inc., against
the Gehring Publishing Company, Inc. De-
cree for complainant.

John E. Cross, of Baltimore, Md., and
Benno Lewinson and Jeffery, Kimball &
Eggleston, both of New York City, for
plaintiff.

Campbell & Boland, of New York City,
for defendant.

WINSLOW, District Judge. This action
is brought for infringement of copyright of
a hotel directory. Plaintiff's directory was
compiled by one Phillips beginning with the
year 1914, and published and compiled an-
nually thereafter. The 1921 edition of
plaintiff's compilation, entitled "American
Travel & Hotel Directory," is the subject
of the action. The 1921 edition was duly
copyrighted, as required by law, by Harold
W. Phillips, published on March 1, 1921,
copies received November 5, 1921, by the
Register of Copyrights, and entered, Class
A, XXC, No. 827602. The plaintiff is the
assignee of Phillips.

Upwards of $10,000 a year was expend-
ed by plaintiff in the annual revision of
this book, including the edition which is
the subject of the action, which expenditure
is said to be exclusive of printing expenses.
The alleged infringing publication published
by the defendant is a much smaller volume,
containing hotel information in the various
states and localities, known as the "Gehring

Hotel Directory and Index of Hotel Supply
and Equipment Houses."

Plaintiff contends that defendant's publi-
cation has not been compiled from sources
of original information, but has been taken
bodily from the plaintiff's publication. An
injunction pendente lite was issued herein
prior to the trial of the action. At the
conclusion of plaintiff's case on the trial
herein the defendant rested, and moved to
dismiss the bill of complaint.

It is not disputed that the defendant has
distributed many copies of its publication.
The questions to be determined are: (a)
The compliance by the plaintiff, or by his
assignee, with the provisions of the law nec-
essary to make his copyright valid; and
(b) the question of fact as to whether the
evidence indicates that the defendant has,
in substance, taken his information from
plaintiff's publication, without original com-
pilation.

[1] Under the present law, publication
must precede registry. The record dis-
closes to my satisfaction that the provisions
of the copyright law have been complied
with by the plaintiff, or its predecessor in
title. Technical objection is made by the
defendant that plaintiff's publication has
not a title-page. It is true that the book
contains advertising pages, which precede
the title-page and the notice of copyright
and registration, together with the name of
the publisher. I think, however, that title-
page is a compliance with the requirements
of the statute.

Objection is further made that the rec-
ord does not show that the copyrighted
publication was manufactured within the
United States, but the certificate of the
Register of Copyrights is in evidence, and
is "prima facie evidence of the facts stated
therein." This certificate recites, among
other things, "Affidavit received Nov. 5,
1921." This affidavit is the affidavit re-
quired of the things which are conditions
precedent to the issuance of the certificate
by the Register of Copyrights. If it be as-
sumed that the edition which is the subject
of this action is a revision of other books
published under copyright protection, as
the record indicates, plaintiff's case is not
thereby weakened.

[2] Plaintiff has called its publication a
"directory." I think, under the definitions,
that it is in that class and covered by the
copyright in question. A directory is "an
alphabetical list, as of the names and ad-
dresses of the inhabitants or business hous-
es in a city, of all those engaged in particu-
lar lines of business, classified in groups, or
of any special class; printed in book form,

and usually bound up with advertisements." Standard Dictionary.

I think the evidence fully justifies the conclusion that plaintiff's publication was compiled from information collected from original sources, and the arrangement of the information so collected was original with Phillips, the author and compiler of the directory. A comparison of the two publications discloses many things of probative force in arriving at the conclusion that defendant's publication is an infringement.

[3] In the 1921 edition of the plaintiff's directory are inserted the names of certain nonexistent hotels, as decoys, all of which appear in defendant's publication. A few illustrations will suffice. On page 65 of plaintiff's book is listed a hotel, "Red Bluff, California, Phillips, 60 Rms. (Sub.) A. $5.00." On page 12 of defendant's publication, under "Red Bluff, Cal.," may be found the same hotel listed, "Phillips, 60.. A. $5.00." In like manner, at page 605 of plaintiff's publication, "Flasher, N. D., Phillips, 50 Rms. A. $3.00." The same hotel is listed in defendant's publication, page 110, "Flasher, N. D., Phillips, 50.. A. $3.00." Again, at page 549 of plaintiff's book, "Dexter, New York, Phillips, 60 Rms. (Sub.) A. $5.00." The same hotel is listed in the Gehring Hotel Directory, page 94, "Dexter, New York, Phillips, 60.. A. $5.00." At page 771 of plaintiff's publication, "Columbia, Texas, Phillips, 50 Rms.. A. $3.00." The same hotel is listed in the Gehring Hotel Directory, page 137, "Columbia, Texas, Phillips, 50.. A. $3.00." Plaintiff's publication, page 228, "Richmond, Indiana, Sheernstowe, 65 R. (Sub.) E. $1.00." Defendant's book, at page 39, "Richmond, Indiana, Sheernstowe, 65 (Sub.) E. $1.00."

There are numerous errors which crept into the compilation of plaintiff's publication, which are recopied in defendant's publication. One will suffice to illustrate. In plaintiff's publication, page 731, Charleston, South Carolina, is listed "Francis Marion Hotel, 312 Rms.. E. $2.00." It seems that this hotel was in prospect, but not built. The estimated number of rooms was given from a picture, but the erroneous data is found in defendant's publication at page 131, "Charleston, South Carolina, Francis Marion, 312.. E. $2.00." Upwards of 15 or more errors are specifically point-

ed out, which have found reproduction in defendant's publication. In addition to these things are numerous hotels at various places, where the words appear, "Data suspended." In like manner, no data are given concerning these particular hotels in defendant's publication. The instances of direct appropriation from plaintiff's publication of various other particulars are so numerous as to preclude any other conclusion than that the defendant has deliberately used plaintiff's directory in the compilation of his book, instead of seeking information from original sources. It is unnecessary, however, further to illustrate the facts leading to this inevitable conclusion.

From the foregoing, I am satisfied that a case for injunctive relief has been fully made out by the plaintiff. These important errors in the two directories satisfy the court that defendant's directory was copied, either directly or indirectly, from plaintiff's book. The case of Jewelers' Circular Publishing Co. v. Keystone Publishing Co. (D. C.) 274 F. 932, affirmed (C. C. A.) 281 F. 83, 26 A. L. R. 571, is directly in point. At page 88 the court said:

"The right to copyright a book upon which one has expended labor in its preparation does not depend upon whether the materials which he has collected consist or not of matters which are publici juris, or whether such materials show literary skill or originality, either in thought or in language, or anything more than industrious collection. The man who goes through the streets of a town and puts down the names of each of the inhabitants with their occupations and their street number, acquires material of which he is the author. He produces by his labor a meritorious composition, in which he may obtain a copyright, and thus obtain the exclusive right of multiplying copies of his work. * * * That in a number of instances addresses are given as they appear in the plaintiff's book, although the addresses were wrong at the time the defendant began the work of compilation on its book, owing to removals from one place of business to another."

A decree will be entered in favor of the plaintiff, together with counsel fees of $750, and damages to the plaintiff in the sum of $1,000; decree to be settled on notice.