## UNITED THRIFT PLAN, Inc., v. NATIONAL THRIFT PLAN, Inc.

District Court, E. D. New York.   August 14, 1929.

No. 4087.

Fogarty, Lumbard & Quel, Cedric Porter, and Seymour B. Quel, all of New York City, for plaintiff.

Pennie, Davis, Marvin & Edmonds, W. B. Morton, and E. J. McCrossin, all of New York City, for defendant.

CAMPBELL, District Judge.   This is a suit under the Copyright Law, title 17, U. S. C. (17 USCA).

A preliminary injunction was granted in this suit, and the evidence adduced at final hearing did not differ materially from that presented in the affidavits on the motion for preliminary injunction herein, except that it now appears that in every copy of the plaintiff's booklet on which·it claims a copyright, including those originally published and those filed in the Copyright Office and those distributed, the notice required by law was not placed upon the title page or page immediately following.

If the plaintiff has secured a good and valid copyright, there is no question that the defendant's book of which complaint is made infringes such copyright.

If, however, plaintiff has not secured a copyright by reason of failure to comply with the law, then the defendant can be held to no liability in this action.

The alleged notice of copyright on all the copies of the plaintiff's booklet appeared at the bottom of the last page and did not appear on the title page or the following page.

Plaintiff contends that defendant published its booklet with knowledge of its copyright, and bases this contention on the fact that there appears in the defendant's book matter which was copied from the last page of plaintiff's book, and therefore must have known that plaintiff's booklet was copyrighted.

In view of the evidence offered on behalf of the defendant on the trial, I cannot find that this contention was sustained, however strong may be the suspicion of its truth. ·

At the outset it is to be observed that under the present statute (title 17, U. S. C. [17 USCA]) a copyright is secured by the publication of the book with the notice of copyright, and the formality required under earlier statutes has been dispensed with.  National Cloak & Suit Co. v. Kaufman (C. C.) 189 F. 215;  New York Times Co. v. Star Co. (C. C.) 195 F. 110.

Section 9 of the present act (17 USCA § 9) provides:

"Publication of Work with Notice.

"Any person entitled thereto by this title may secure copyright for his work by publication thereof with the notice of copyright required by this title;  and such notice shall be affixed to each copy thereof·published or offered for sale in the United States by authority of the copyright proprietor, except in the case of books seeking ad interim protection under section 21 of this title."

Section 18 of the act (17 USCA § 18) provides for the form of notice required, but, as no question is raised as to form, it is not necessary to quote that section.

Section 19 of the act (17 USCA § 19) provides where such notice shall be placed, and reads as follows:

"Same;   Place of Application;   One Notice in Each Volume or Number of Newspaper or Periodical.

"The notice of copyright shall be applied, in the case of a·book or other printed publication, upon its title page or the page immediately following, or if a periodical either upon the title page or upon the first page of text of each separate number or under the title heading, or if a musical work either upon its title page or the first page of music. One notice of copyright in each volume or

in each number of a newspaper or periodical published shall suffice." ·

The plaintiff printed but one edition of the booklet, and notice of copyright was not placed on the title page or the page following of any copies of the booklet, including those originally published, those filed, or those distributed.

Copyright is secured by publication of the work with the notice of copyright required by the act. Universal Film Mfg. Co. v. Copperman (D. C.) 212 F. 301.

The "title page" has been defined in Freeman v. The Trade Register (C. C.) 173 F. 419, where it is said:

"Each book shall have a title—that is, some word or set of words by which it shall be known—and that the book shall contain one particular page devoted, in whole or in part, especially to the title. This page should be one that is readily found without examining every page in the work."

And in American Travel & Hotel Directory Co. v. Gehring Pub. Co. (D. C.) 4 F.(2d) 415, where the title page of the book, with the name of the publisher and copyright notice, was preceded by advertising pages, it was held not to invalidate the copyright.

In Freeman v. The Trade Register, supra, the court ruled that the copyright was invalid because the copyright notice was not on the title page, and no holding to the contrary has been cited.

In Bentley v. Tibbals, 223 F. 247, 253, the Circuit Court of Appeals for this Circuit, in an action on a copyright, says, "The statutory requirements as to notice must be strictly complied with," and cites Burrow-Giles v. Sarony (1884) 111 U. S. 53, 4 S. Ct. 279, 28 L. Ed. 349; Bolles v. Outing Co., 77 F. 966, 23 C. C. A. 594, 46 L. R. A. 712; Id. (1899) 175 U. S. 262, 20 S. Ct. 94, 44 L. Ed. 156.

That strict compliance with the provisions as to notice under the Copyright Act is necessary also appears from the following decisions, although they are not directed particularly to the placing of the notice in the specified place:

In E. I. Horsman & Aetna Doll Co v. Kaufman, 286 F. 372, the Circuit Court of Appeals held a copyright invalid because the plaintiff failed to allege and prove that the marking included the proprietor's name on the margin, back base, or pedestal of the work of art alleged to be copyrighted, as required by section 18 of the statute, notwithstanding the fact that the marking was otherwise in the form prescribed.

In Haas v. Leo Feist, Inc. (D. C.) 234 F. 105, Judge Learned Hand held the copyright invalid because the copyright proprietor's name as given in the notice of the copyright was not the proprietor's true name, but a trade-name, including the word "Company," which is forbidden by the New York laws in the case of business conducted by but a single individual.

It is thus apparent that notice was not given by the plaintiff in the manner prescribed by the statute.

Plaintiff, however, contends that the misplacing of the notice did not invalidate the copyright, and that, if the misplacing of the notice could be held to invalidate the copyright, then the plaintiff is relieved under section 20 of the Copyright Act, title 17, U. S. C. (17 USCA), which reads as follows:

"Same; Effect of Accidental Omission from Copy or Copies.

"Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

This section specifies an omission of notice, but I assume that would include a misplacing of a notice, which would in effect be the same as an omission, and the section has been held to apply in case of a defective notice. Strauss v. Penn Printing & Publishing Co. (D. C.) 220 F. 977. But this section does not apply where the notice has been omitted in all the copies including those originally published, those filed, and all those distributed.

The object of this section was to relieve from the hard rule of the former statute, under which a suit for injunction could not be maintained unless the statutory notice was affixed to the several copies of every edition (section 4962, Rev. St.), under which it was held that even an ineffectual attempt to affix the notice barred suit against an infringer with knowledge of the plaintiff's claim of copyright. Thompson v. Hubbard, 131 U. S. 123, 149, 9 S. Ct. 710, 33 L. Ed. 76.

This also appears from the report of the House Committee, reporting H. R. 28192,

Report No. 2222, p. 13, Sixtieth Congress, Second Session, where the Committee on Patents, by Mr. Currier, Chairman, said:

"Section 20 makes a material change in existing law. Under existing law, notice of copyright must be printed in every copy of every edition of a book. If any copy of any edition published by authority of the proprietor of the copyright by accident or mistake gets out without the copyright notice, the whole copyright is lost. More copyrights have been lost under this drastic provision of the law than in any other way. Your Committee believe that an unintentional failure to comply with this requirement in the case of a single book ought not to have attached to it the penalty involved in the forfeiture of the copyright, and this bill provides that (here follows Section 20 as finally passed). If the notice is omitted by accident or mistake, so as to lead an innocent party to think he had a right to reproduce the book or other copyrighted matter, and begins to do so, then no damages shall be recovered against him if he has been misled by the omission of the notice, and until he has actual notice in a suit for infringement, no permanent injunction shall be had without reimbursement to the innocent infringer for his outlay if the court shall so direct."

This Report No. 2222 of the House Committee on patents was made part of Senate Report 1108, p. 13, by the Senate Committee on Patents, Mr. Smoot, Chairman, Sixtieth Congress, Second Session.

It will be noted that it was not the intent of Congress to relieve where the notice was omitted from all copies, but only where by accident or mistake it was omitted from a limited number of copies, as reference is made by the Chairman of the House Committee to "a single book."

To be relieved, the plaintiff must have sought to comply, and in that event the omission of the notice by accident or mistake will not invalidate the copyright against a person who had actual notice of the copyright. Gerlach-Barklow Co. v. Morris & Bendien (C. C. A.) 23 F.(2d) 159; W. H. Anderson Co. v. Baldwin Law Pub. Co. (C. C. A.) 27 F.(2d) 83.

This very question is answered adversely to plaintiff's contention, in Weil on Copyright, p. 349, with reference to section 20, as follows:

"907. The Section has, however, definite limitations. Thus, there can be no real question, that its saving clause would not apply in cases where, even through accident or mistake, the first copy published did not bear the prescribed notice, as statutory copyright hinges on the question whether such initial publication was made with, or without, notice, and this section is only effective in cases where a valid copyright has been obtained.

"908. The section states that it only applies to cases where it can be shown that the copyright proprietor has sought to comply with the provisions of the Act concerning notice. This can only be proven by testimony that he has obtained a copyright, involving at least one correct notice, and, further, it would seem, by proof that an indeterminate number of the great bulk of the copies issued bore the prescribed notice. Use of the words 'the particular copy or copies' in the section, appears to indicate that the copies from which the notice was omitted were to be the exception not the rule."

And also in Bowker, Copyright, Its History and Its Law, it is stated (page 131):

"Although the Code of 1909 relieves the copyright proprietor from permanent forfeiture in the case of an accidental omission of the copyright notice from certain copies (Section 20), the statute is otherwise specific and there seems to be no means of relief where the copyright notice is, however innocently, in the wrong place or in the wrong form."

To place upon section 20 the construction contended for by plaintiff would be not to continue it as a remedial statute, to relieve where there had been a misplacing of the notice by accident or mistake, on a number of copies after copyright had been secured, but to construe it as amending sections 9, 18, and 19, so that the placing of the notice on the title page, or page immediately following, would be made optional instead of mandatory, and I cannot so construe the section.

A decree may be entered dismissing the complaint, with costs, but I will not award a counsel fee to the defendant.