## GOES LITHOGRAPHING CO. v. APT LITHOGRAPHIC CO., Inc., et al.

District Court, S. D. New York.
April 16, 1936.

Baar, Bennett & Fullen, of New York City (Emil N. Baar and David E. Winer, both of New York City, of counsel), for plaintiff.

Joel B. Liberman, of New York City (John M. Cole, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suit is for infringement of copyright. The plaintiff moved for preliminary injunction, and the defendant responded with a motion to dismiss the bill as insufficient on its face.

The bill alleges that the plaintiff is proprietor of a copyrighted picture entitled "Found," having acquired copyright by the publication with notice of copyright and by deposit of two copies in the copyright office; that the defendants published and sold the picture without consent of the plaintiff. A copy of the picture is annexed to the bill. The only markings on it to indicate copyright are two symbols in the lower left-hand corner, too small to be made out by the naked eye with any degree of assurance. A magnifying glass, however, shows that the first is the letter C in a circle, and that the second is the letter G with L and Co within it. The second, I suppose, is a symbol suggesting Goes' Lithographing Company.

Under the present Copyright Act, copyright is obtained by publication of the work with notice of copyright (section 9 [17 U.S. C.A. § 9]) and by deposit of two copies in the copyright office (section 12, as amended [17 U.S.C.A. § 12]). The form of notice

consists in general of the word "copyright" or the abbreviation "copr.," with the name of the proprietor, but it is provided that with pictures and certain other works the notice may consist of the letter C in a circle, with the initials, monogram, mark or symbol of the proprietor, the name of the proprietor in such case to appear on an accessible portion of the copies of margin, back, base, pedestal, or mounting (section 18 [17 U.S.C.A. § 18]).

The required notice is lacking in this case. Even if we go along with the plaintiff on the mark and initials, illegible as they are without artificial aid to the eye, there is a blank on the proprietor's name. By the statute the notice must disclose the identity of the proprietor. Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc. (C.C.A.) 73 F. (2d) 276, certiorari denied 294 U.S. 717, 55 S.Ct. 516, 79 L.Ed. 1250. I agree that the statute should be applied without undue rigidity as to the proprietor's name in the notice. But the proprietor's name must be declared in some fashion, and here there is no name. What Judge Hough said in Horsman & Aetna Doll Co. v. Kaufman, 286 F. 372 (C.C.A. 2), applies here. So the notice of copyright is defective.

The plaintiff has recourse to the curative provision in section 20 (17 U.S.C.A. § 20) to the effect that in cases where the proprietor has sought to comply with the act relative to notice, "the omission by accident or mistake of the prescribed notice from a particular copy or copies" shall not invalidate copyright or prevent recovery for infringement from persons with notice of copyright. This provision does not give relief in a case where the essentials of notice were omitted from all copies, but only where they were omitted from a limited number of copies. United Thrift Plan, Inc., v. National Thrift Plan, Inc., 34 F.(2d) 300 (D.C.N.Y.). The purpose was to prevent the loss of copyright by accidental omission on a few copies. Here it appears that the name of the plaintiff was on none of the published copies. Moreover, there is no showing that the omission was "by accident or mistake." The defendants say that the omission was deliberate, due to customers' resistance against the appearance of the lithographer's name on prints.

The motion for preliminary injunction will be denied, and the motion to dismiss the bill granted.