**W. S. BESSETT, Inc., et al. v. GERMAIN et al.**

No. 4195.

District Court, D. Massachusetts.

Feb. 19, 1937.

John W. Morgan, of Lynn, Mass., for plaintiffs.

Louis H. Harriman and Alan B. Bagley, both of Boston, Mass., for defendants.

McLELLAN, District Judge.

This is a bill in equity brought by W. S. Bessett, Inc., a corporation having a usual place of business in Lynn, Mass., and organized under the laws of that state, and Worthington S. Bessett, president and treasurer of the corporate plaintiff, seeking injunctive relief and an accounting of profits as a result of an alleged copyright infringement.

Throughout this opinion, statements of fact may be taken as findings of fact, and statements of law as conclusions of law, in accordance with the equity rule.

W. S. Bessett, Inc., is engaged in the business of designing, manufacturing, and selling sewing machine attachments to the shoe trade. These attachments are small parts made to fit sewing machines of standard manufacture. They are largely made by hand. Some time in 1932, Bessett decided that by the use of a catalogue of his parts he could reach a larger number of prospective customers than was possible by personal solicitation. Accordingly, he interviewed Gerrish & Ede, printers in Lynn, and was referred by them to Earl Lewis, a designer, for the purpose of having drawings made of the various parts to be shown in the catalogue. Lewis made the necessary drawings from parts furnished to him by Bessett, and cuts for use in the catalogue were made from these drawings. A number of copies of the catalogue were then printed. This catalogue is in the form of a small pamphlet, of a size suitable for mailing, containing sixteen pages, including the two covers. No attempt was made to secure a copyright at that time.

Later, in 1933, Bessett decided to have more catalogues printed. He also decided to secure a copyright on his catalogue, and consulted an attorney as to the necessary steps. The catalogues printed in 1933 were almost identical with those printed a year earlier. No changes whatever were made in the cuts. Upon the back cover of the 1932 catalogues appeared the words: "Send your attachment problems to 'Bessett.'" To this was added, in the 1933 catalogues, the words "copyright-1933," appearing about one inch lower on the back cover. Two copies of the catalogue and the other necessary papers were sent to the copyright office, and a certificate of copyright registration was duly issued to W. S. Bessett, as provided in United States Code, title 17, § 55 (17 U.S.C.A. § 55). Bessett then immediately assigned his rights in the copyright to W. S. Bessett, Inc. Copies of the new catalogue were then distributed to the trade.

The defendants Andrew J. Germain and Albert J. Germain are partners, carrying on in Haverhill, Mass., under the name Albert J. Germain Company the same sort of business as W. S. Bessett, Inc. The evidence showed that some time in 1934, Andrew Germain first saw a copy of the Bessett catalogue. During the same year, Bessett talked to both Andrew Germain and Albert Germain in the course of business relations, and mentioned the fact that his catalogue was copyrighted.

Some time later, the Germains decided to have a catalogue of their own printed. For this purpose, they employed the defendant Sydney S. Hedrich, a printer in Haverhill. Hedrich was given a copy of the Bessett catalogue, and told to avoid any infringement thereof, even inadvertently. Hedrich employed the Old South Engraving Company, a Boston firm, to make the necessary cuts. The cuts were made from a set of drawings made by Harry D. Pease, an artist in the employ of the Old South Engraving Company. Pease was given a set of parts manufactured by Germain, and also a copy of the Bessett catalogue, with instructions to avoid copying the Bessett catalogue in any way. Some of the original drawings made by Pease are in evidence. The text of the Germain catalogue was written by Andrew Germain. The form of the Germain catalogue, as finally printed, is very similar to that of the Bessett catalogue.

The plaintiffs contend that at least six of the cuts appearing in the Germain catalogue are copies of cuts appearing in the Bessett catalogue, and hence infringe the rights of W. S. Bessett, Inc., under its copyright.

■ Under the circumstances disclosed, apart from the question of infringement, the plaintiffs are entitled to no protection under the copyright laws of the United States. General distribution of the Bessett catalogue took place in 1932, at which time no attempt was made to secure a copyright. The catalogues printed in 1933 are identical with those printed earlier as to the cuts here involved. Publication of a work without compliance with the terms of the copyright statute amounts to a dedication to the public which defeats subsequent attempts to secure a copyright. D'Ole v. Kansas City Star Company (C.C.) 94 F. 840; Universal Film Manufacturing Company v. Copperman (D.C.) 212 F. 301; Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc., 73 F.(2d) 276. See, also, Mifflin v. R. H. White Company, 190 U.S. 260, 23 S.Ct. 769, 47 L.Ed. 1040; Holmes v. Hurst, 174 U.S. 82, 19 S.Ct. 606, 43 L.Ed. 904; Bobbs-Merrill Company v. Straus, 210 U.S. 339, 347, 28 S.Ct. 722, 52 L.Ed. 1086.

■ Moreover, United States Code, title 17, § 18 (17 U.S.C.A. § 18) provides: "The notice of copyright required by section 9 of this title shall consist either of the word 'Copyright' or the abbreviation 'Copr.,' accompanied by the name of the copyright proprietor." The plaintiff's catalogue contains no mention of the name of the copyright proprietor. It is obvious that the word "Bessett" in the legend "Send your attachment problems to 'Bessett'" was not intended as a part of the copyright notice. In any event it is an insufficient designation of the name of the proprietor. It might refer to Worthington S. Bessett, to the corporation, or merely constitute a trade mark. The notice must be such as to disclose the identity of the proprietor. Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc., supra; Goes Lithographing Company v. Apt Lithographic Company (D.C.) 14 F.Supp. 620.

■ United States Code, title 17, § 19 (17 U.S.C.A. § 19) provides: "The notice of copyright shall be applied, in the case of a book or other printed publication, upon its title page or the page immediately following." Such notice as there is in the present case appears on the back cover. This also is fatal to the plaintiff's claim. United Thrift Plan v. National Thrift Plan (D.C.) 34 F.(2d) 300. See, also, Freeman v. The Trade Register (C.C.) 173 F. 419.

■ United States Code, title 17, § 20, (17 U.S.C.A. § 20) which gives relief in certain cases, clearly does not apply here. United Thrift Plan v. National Thrift Plan, supra.

A decree dismissing the bill is to be entered.