**BUCK et al. v. LIEDERKRANZ et al.**

**No. 9589.**

District Court, E. D. Pennsylvania.

Sept. 22, 1937.

Conlen, LaBrum & Beechwood and George E. Beechwood, all of Philadelphia, Pa., for plaintiffs.

Jacob Hill Byrne and Ruppin, Schuberth & Chambers, all of Lancaster, Pa., for defendants.

MARIS, District Judge.

This is a suit seeking to enjoin the infringement of a copyright of a musical composition. The bill was amended and thereafter the defendants moved to dismiss the amended bill. Their motion is based upon three grounds.

The first is that the notice of copyright which is averred by the bill to have been given on the composition in question was insufficient and the copyright, therefore, invalid. The notice averred was "copyright 1936." The Copyright Act, 17 U.S.C. § 18, 17 U.S.C.A. § 18, provides: "The notice of copyright required by section 9 of this title shall consist either of the word 'Copyright' or the abbreviation 'Copr.', accompanied by the name of the

copyright proprietor, and if the work be a printed literary, musical, or dramatic work, the notice shall include also the year in which the copyright was secured by publication."

It will be seen that the statute requires the notice to include the name of the copyright proprietor. According to the averment of the amended bill this was not done. The notice was, therefore, insufficient and consequently no valid copyright was secured thereby. Thompson v. Hubbard, 131 U.S. 123, 9 S.Ct. 710, 33 L.Ed. 76; E. I. Horsman & Ætna Doll Co. v. Kaufman, 2 Cir., 286 F. 372; Goes Lithographing Co. v. Apt Lithographic Co., D.C., 14 F.Supp. 620; W. S. Bessett, Inc., v. Germain, D.C., 18 F.Supp. 249.

■ Defendants' second point is that the amended bill is defective because it does not have attached to it a copy of the work alleged to be copyrighted as required by Rule 2 of the Rules of Practice in copyright cases adopted by the Supreme Court, 17 U. S.C.A. following section 25. That rule provides that a copy of the alleged infringement of copyright, if actually made, and a copy of the work alleged to be infringed, should accompany the petition, or its absence be explained except in cases where it is not feasible. In the present case no copy of the composition alleged to have been infringed is annexed to the amended bill nor is there any averment explaining its absence or setting forth why it is not feasible to annex it. It may well be as the plaintiff argues that it is not feasible to annex a copy in this case. But even if this was so the bill should include an explanation of its absence. The amended bill is, therefore, defective in this respect also.

■ The individual defendants also urge in support of their motion that there is no specific allegation in the amended bill that they were in any way connected with the alleged infringement by the corporate defendant. Consequently they say the bill should be dismissed as to them. The amended bill, however, in paragraph 13 does contain this averment "Upon information and belief, that the said performance of such composition was given on said premises under the direction of the defendants and for the entertainment and amusement of the patrons attending said premises * * *." We are satisfied that this averment sufficiently connects the individual defendants with the infringement alleged.

This ground for dismissal of the bill is, therefore, without merit.

While, as we have indicated, the amended bill fails to disclose a cause of action for the two reasons first indicated, nevertheless it may be that the plaintiffs can by amendment cure the omissions referred to. We will, therefore, give them a reasonable opportunity to do so.

Plaintiffs have leave to file a second amended bill of complaint within fifteen days. Otherwise a decree dismissing the amended bill may be entered.