**J. A. RICHARDS, Inc., v. NEW YORK POST, Inc.**

District Court, S. D. New York.

March 26, 1938.

Kaufman & Weitzner, of New York City, for plaintiff.

Guggenheimer & Untermyer, of New York City (Milton E. Mermelstein, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The suit is for infringement of copyright. The defendant moves to dismiss the second and third counts as showing on their face that the plaintiff has not a valid copyright on the pamphlets involved in those counts.

The first count is for infringement of the plaintiff's cyclopedia. No question is raised as to the sufficiency of that count. The second count is for infringement of an advertising pamphlet put out by the plaintiff. It is alleged that the plaintiff created a pamphlet consisting of extracts from the cyclopedia and of writings descriptive of it, a copy of the pamphlet being annexed, that it secured copyright by publication of the pamphlet with notice of copyright, that copies with notice of copyright were deposited with the Register of

Copyrights, and that the defendant has infringed. The pamphlet annexed has 28 pages. It has no title on the cover or elsewhere. The copyright notice is on the rear cover, "Copyright 1933, J. A. Richards, Inc."

The third count charges infringement of a later pamphlet descriptive of the cyclopedia. It contains appropriate allegations as to securing of copyright and infringement, and a copy of the pamphlet is annexed. This pamphlet has 52 pages. There is a title on the front cover, "Richards Cyclopedia". The notice of copyright is on the rear cover, "Copyright 1934, J. A. Richards, Inc."

The defendant's point is that the bill itself discloses that the copyright on the two pamphlets is void, for failure to comply with the Copyright Act. Section 19 of the Act, 17 U.S.C.A. § 19, provides:

"The notice of copyright shall be applied, in the case of a book or other printed publication, upon its title page or the page immediately following, or if a periodical either upon the title page or upon the first page of text of each separate number or under the title heading, or if a musical work either upon its title page or the first page of music. One notice of copyright in each volume or in each number of a newspaper or periodical published shall suffice."

 By explicit provision of the statute the place for copyright notice in the case of a book or printed pamphlet is on the title page or the page immediately following. It follows that a notice on any other page, no matter how prominent, is ineffective. United Thrift Plan, Inc., v. National Thrift Plan, Inc., D.C.N.Y., 34 F.2d 300; Bessett v. Germain, D.C.Mass., 18 F. Supp. 249. See also Freeman v. The Trade Register, C.C.Wash., 173 F. 419. The plaintiff's two pamphlets did not carry copyright notice in the place designated by law. With the later pamphlet this is evident at a glance, the title "Richards Cyclopedia" appearing on the front cover and the notice on the back cover, many pages intervening. With the earlier pamphlet the case is not so plain, because the pamphlet has no title page. As section 19 shows, Congress in enacting the Copyright Act contemplated that each book or publication, to be protected, should have a title and should contain a page devoted, in part at least, to the title. See Freeman v. The Trade Register;

supra. I will not say that a copyright notice on the front cover or on the page following, a title page being absent, would not suffice. In any event, a notice on the back cover will not do.

Section 20 of the Act, 17 U.S.C.A. § 20, does not save the plaintiff. That section cures omission of copyright notice on particular copies where the omission is due to accident or mistake; it has no application where copyright notice on all copies is substantially defective, as was the case here. Goes Lithographing Co. v. Apt Lithographic Co., D.C.N.Y., 14 F.Supp. 620.

The plaintiff is right in urging that substantial compliance with the Copyright Act is all that is required. But when the Act requires that copyright notice be applied at a particular place in a work (the title page or page next following), the courts may not dispense with the requirement and say that a notice appearing somewhere else is enough. The motion to dismiss the second and third causes of action as insufficient on their face will be granted.