**KRAFFT v. COHEN et al.**
No. 7574.

Circuit Court of Appeals, Third Circuit.
Feb. 3, 1941.

Rehearing Denied Feb. 24, 1941.

Henry N. Paul, Jr., of Philadelphia, Pa.
(John H. Austin, Nathan Teitelman, and

Paul & Paul, all of Philadelphia, Pa., of counsel), for appellants.

Harry Langsam and Harry R. Kozart, both of Philadelphia, Pa., for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania awarding damages to the plaintiff for infringement of copyright by the defendants, and enjoining further infringement. The subject-matter of the litigation consists of three pictures of figures in clerical vestments. These pictures were originally brought by a representative of the plaintiff, who is a publisher of men's fashions, to the defendants, who are manufacturers of various articles of wearing apparel. The pictures represented figures clothed in clerical vestments. How the pictures came to be left with the defendants and for what purpose, was a matter of dispute in the trial court, but that question is not before us since the litigation here turns solely upon the question of the validity of the copyright. The pictures were subsequently returned to the plaintiff.

On May 10, 1938 plaintiff printed a leaflet called, by the parties, a "Brochure" which contained, among others, the three illustrations left with the defendants. In the meantime, defendants had made reproductions of these three illustrations. The first copies of the Brochure were printed with the copyright notice on the back cover only and lacked the name of the proprietor. This notice was clearly defective because it did not comply with the statute.[1] Sometime subsequent to May 10, 1938 the plaintiff affixed a proper copyright notice to his Brochure.

On September 6, 1938 the defendants issued a catalogue which was called "National Vestments for Clergy and Choir". They contained defendants' reproductions of three of the plaintiff's pictures. On September 19, 1938 the plaintiff's attorney wrote to the defendants advising them of the plaintiff's claim of copyright.

On January 25, 1939 the plaintiff filed an application for copyright on the "Brochure", claiming the date of his first publication as May 10, 1938. A certificate of copyright registration was duly issued on January 26, 1939 to the plaintiff.

Copyright as distinguished from literary property is wholly a creature of statute. One secures a copyright on published material by accompanying its publication with a copyright notice at the place and in the form required by the statute. Subsequent registration under the provisions of the statute does not create the copyright, but only records it. Washington Publishing Co. v. Pearson, 306 U.S. 30, 37(1939). Publication without the proper notice is ineffective to secure to the publisher a copyright. Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 2 Cir., 1934, 73 F.2d 276, certiorari denied 294 U.S. 717, 55 S.Ct. 516, 79 L.Ed. 1250. If the plaintiff published this Brochure without the proper copyright notice his rights of copyright are gone unless § 20, 17 U.S.C.A. § 20, saves them and that section will be considered below.

Although plaintiff stresses his contention that copies of the pamphlet were not generally distributed until the proper notice was put on them, it is clear that publication took place on May 10, 1938. That is the date which the plaintiff claimed in his application for the copyright certificate and is the date claimed as the date of publication in his argument in this court. That is the date stated as the date of publication in his certificate, upon which he relies. It also appears from the evidence that copies of the pamphlet with the defective notice were available in his office where visitors could procure them. Plaintiff was vague as to how much time elapsed before the proper notice was placed on the pamphlets and did not even establish whether it was before or after the defendant's publication. The plaintiff seems clearly to have established a definite date of publication, but, with equal definiteness, the fact that upon that date the copyright notice was defective.

To supply this vital omission plaintiff urges two things. The first is a stipulation between himself and the defendants to the effect that, according to the records in the Office of the Register of Copyrights, the Brochure was published on May 10, 1938 and the copyright registration issued

---

[1] Act of March 4, 1909, c. 320, 35 Stat. 1075, §§ 18, 19, 17 U.S.C.A. §§ 18, 19. J. A. Richards, Inc., v. New York Post, Inc., D.C.N.Y.,1938, 23 F.Supp. 619.

thereon on January 26, 1939.[2] This stipulation is not denied by the defendant. But it does not have the broad effect, in our judgment, which the plaintiff claims for it. It simply stipulates what the record of the Register of Copyrights says. This leaves us a long way from the question concerning when the edition bearing the required copyright notice was published.

The other point urged by the plaintiff is that according to Section 55, 17 U. S.C.A. § 55, of the statute the certificate of registration is prima facie evidence of the facts stated therein. But this does not mean that the certificate establishes that the publication bore the correct copyright notice. The certificate does not say so[3] nor do we find anything in the statute, the reason of the matter or the circumstances to indicate that it should be so. We do not see how the certificate can be prima facie evidence of anything more than it says. What it says is not in dispute in this case.

As far as this record is concerned the plaintiff is in the position of having published his Brochure on May 10, 1938, at which time all copies bore the defective notice. Nor do we see how the plaintiff is helped by § 20 of the statute, 17 U.S.C.A. § 20. It provides: "Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

The plaintiff has not brought himself within the terms of this section. This section does not apply where the notice is omitted from all the copies published, but only where the notice is omitted from one or perhaps a very few copies. United Thrift Plan, Inc., v. National Thrift Plan, Inc., D.C., E.D.N.Y., 1929, 34 F.2d 300.

This action, when originally begun in the lower court, included a claim for infringement of literary property which the lower court decided against the plaintiff. The case for infringement of copyright should be decided the same way. The judgment of the District Court is reversed with directions to enter judgment for the defendants.

---

[2] "It is hereby stipulated this 5th day of December, 1939, by the attorneys for the above parties that:

2. Plaintiff's 'Special Clerical Brochure Featuring Authentic Apparel for Clergymen', Plaintiff's Exhibit P-4, according to the records in the Office of the Register of Copyrights, was published on May 10, 1938, and a copyright registration No. 288,925 (Class AA) was issued thereon on January 26, 1939."

[3] In its entirety this certificate reads as follows:

AA

Library of Congress
Copyright Office of the United States of America
Washington

---

Certificate of Copyright Registration
This is to Certify, in conformity with section 55 of the Act to Amend and Consolidate the Acts respecting Copyright approved March 4, 1909, as amended by the Act approved March 2, 1913, that Two copies of the Book named herein have been deposited in this Office under the provisions of the Act of 1909, together with the Affidavit prescribed in section 16 thereof; and that registration of a claim to copyright for the first term of 28 years from the date of publication of said book has been duly made in the name of Krafft & Phillips Fashion Co., Philadelphia, Pa.

Title of book: Special Clerical Brochure Featuring Authentic Apparel for Clergymen, by Paul Krafft.
Author, of the United States.
Date of publication May 10, 1938
Copies received Jan. 26, 1939
Affidavit received Jan. 25, 1939.
Entry: Class AA, No. 288925
   [Seal]     C. L. Bouvé
         Register of Copyrights