SIEWEK TOOL COMPANY, a co-partnership, Plaintiff,

v.

Margaret A. MORTON and Archibald Morton, d/b/a Morton Machine Works, Defendants.

Civ. A. No. 10778.

United States District Court,
E. D. Michigan, S. D.

Dec. 31, 1954.

Wisner & Sloman, Robert A. Sloman, Detroit, Mich., for plaintiff.

Harness, Dickey & Pierce, Arthur W. Dickey, and Edward R. Casselman, Detroit, Mich., for defendants.

THORNTON, District Judge.

This is an action grounded upon the copyright laws of the United States, Title 17 U.S.C.A. The Court has before it defendants' Motion for Summary Judgment,

"(A) holding the copyright on plaintiff's entire 1948 catalog (plaintiff's exhibit 9) defective and invalid because said catalog was published without a proper notice as required by statute (17 USCA 20), and

"(B) holding the copyright on plaintiff's 1933 catalog (plaintiff's exhibit 5) defective and invalid, at least in so far as the following illustrations are concerned:

| "Page | Illustration No. |
|---|---|
| 3 | J–L–425 |
| 16 | N–30 |
| 17 | N–40 |
| 18 | Y–A–20 |
| 23 | M–15 |
| 29 | R–C–125 |
| 29 | R–C–150, |

because such illustrations were included in a later edition (plaintiff's 1948 catalog—exhibit 9) which was published without proper notice as required by statute (17 USCA 20)."

As to Part (A) of defendants' motion, it is their contention that the title page and the cover, or first page, are one and the same, and that since no notice of copyright appears on said page the copyright on plaintiff's entire 1948 catalog is defective and invalid. The Court has before it said catalog, identified as plaintiff's exhibit 9, and notes the following:

1. The catalog is composed of 34 loose leaf paper sheets including a brown paper backing sheet.

2. The sheets are held together by two paper fasteners inserted through two of the eyelet perforations on the left side of the sheet—size of sheet approximately 8½ x 11 inches.

3. The first sheet is as follows:

"This Is a Complete Set of Full-Size Template Tracing Sheets

"Siewek
"Clamps,
Details
And
Fixture Locks

"Manufactured by
Siewek Tool Company
2862 East Grand Blvd.
Detroit 2, Mich.
Telephone Trinity 3–1750"

4. On the reverse side of the first sheet is descriptive data about the plaintiff company and its catalog under the general heading of: "Four Decades of Quality Tools"—this page is numbered 3.

5. Page 4 follows, containing two designs of jigs and descriptions. The reverse side of page 4 is blank.

6. Next is page 101 entitled, "The Automatic Fixture Lock" with descriptive material on its construction, operation and effects. The reverse side of this page is numbered 201, and contains illustrations of spring jig parts.

7. Page 301 is next, with illustrations of rack and pinion jig parts, and on the back of it is page 401 containing data and tables on Rapid Fixture Clamps.

8. The fifth sheet is numbered 423, and it contains a half-page drawing of a typical milling fixture, and on the lower half of the page a description of the use of Siewek Clamps and details, and at the very bottom of the page the notice of copyright.

9. The succeeding pages consist of templates for tracing.

■ Plaintiff contends that page 423, the first page bearing the notice of the copyright, is the title page, and should be considered by this Court to be such for purposes of compliance with Title 17

U.S.C.A. § 20, and that the cover, or first sheet, is nothing more than a cover sheet. It is defendants' contention, and the basis of their motion, that the first, or cover page is in fact the title page, and because it contains no notice of copyright the entire catalog is defective and invalid. As between the first, or cover sheet, and page 423, it is inconceivable that there should be any doubt as to which is the title page. The one identifies the catalog as to contents, manufacturer and manufacturer's address and telephone number; it contains no illustrations. Page 423, on the other hand, claimed by plaintiff to be the title page, contains nothing by way of general categorical classification of the contents of the catalog. By any standard of title page, the first or cover page of plaintiff's exhibit 9 must be found to be the title page. Plaintiff, itself, on page 3 of its complaint, sets forth:

"* * * and completed a book comprising a revised set of template sheets *entitled* 'This is a Complete Set of Full Size Template Tracing Sheets-Siewek-Clamps, Details and Fixture Locks,' * * *." (*Underscoring* supplied.)

The title of this catalog appears on the first, or cover page, and nowhere else, in the opinion of this Court. And there is no notice of copyright in accordance with 17 U.S.C.A. § 20, thereby rendering the copyright on plaintiff's 1948 catalog defective and invalid. *Freeman v. Trade Register, Inc.*, 9 Cir., 173 F. 419.

■ As to Part (B) of defendants' motion, it appears that the illustrations in question are admitted by the plaintiff, in response to defendants' interrogatories, to have been carried over from plaintiff's 1933 catalog to its 1948 catalog. However, in connection with this motion, the plaintiff contends that while this was done there were a number of changes made in them so that new sub-

ject matter was involved. The case of Sieff v. Continental Auto Supply, D. C., 39 F.Supp. 683, at page 686, cited by defendants in support of Part (B) of their motion contains the following language:

"While under Section 6, as plaintiffs contend, the original matter copyrighted retains the protection of the copyright when carried into a 'new work', it seems to me that the copyright owner loses his rights to such protection when he neglects to include the prescribed notice in the new edition, and would be deemed by his action to have abandoned his copyright, regardless of his insistence that it was not his intention to so abandon it. A stranger to the situation who had no knowledge of any previous catalogs, on seeing uncopyrighted 472 could feel free to copy any or all matter therein contained since he would have no notice of the copyright on the portions taken from the previously copyrighted edition."

Regardless of whether or not the illustrations carried forward involved new subject matter, the reasoning in the above-quoted portion of the Sieff case is hardly applicable to a situation where the page on which the "carried forward" illustration appears contains a notice of copyright.

It might also be observed that Title 17 U.S.C.A. § 7, provides that the republication of works with new matter "shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof * *."

In view of the foregoing, the utilization of summary judgment procedure as to Part (B) of defendants' motion is deemed to be precluded.

An order may be presented accordingly.