**GLENCO REFRIGERATION CORPO-
RATION, Plaintiff,**

v.

**RAETONE COMMERCIAL REFRIGER-
ATOR CORPORATION** and Victory
Metal Manufacturing Corporation, De-
fendants.

**Civ. A. No. 21292.**

United States District Court
E. D. Pennsylvania.

March 26, 1957.

Louis Necho, Philadelphia, Pa., for plaintiff.

Caesar & Rivise, A. D. Caesar, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

Both defendants have moved to dismiss this action, which was brought by plaintiff for alleged infringement of the

latter's copyright, upon the ground that plaintiff's notice of copyright failed to comply with the provisions of 17 U.S.C. § 19 [1] which, in the part here pertinent, provides:

> "The notice of copyright required by Section 10 of this title shall consist either of the word 'Copyright', the abbreviation 'Copr.', or the symbol ©, accompanied by the name of the copyright proprietor, * * *."

The plaintiffs' catalogue was published November 23, 1955 and on the title page thereof appears the disputed notice. On the extreme lower left of this page, in customary small letters, is the legend—

"© 1955 G.R.C. Printed in U.S.A."

On the same page about one inch above and three inches to the right of this legend, in substantially larger letters, appears:

"Glenco
   Refrigeration Corp.
   Philadelphia 34, Pa."

The space between is wholly blank. The substance of defendants' contention is that the name of the plaintiff copyright proprietor, so placed, does not "accompany" the symbol © within the meaning of the statute.

■■ The clear purpose of the statutory mandate is to afford to those who might otherwise innocently infringe notice that copyright is claimed and by whom. Section 19 does not establish what degree of proximity or propinquity must exist between the two to satisfy the requirement that the symbol be "accompanied by" the name. In the absence of express legislative direction that one be placed immediately above, below or beside the other, it may be fairly concluded that the placement of the symbol and the name is left wholly to taste or discretion so long as the purpose of the statute is fulfilled by so placing them in relation to each other as to give reasonable notice of the claim of copyright and of the claimant's identity. This construction is strongly supported by the following significant language in the limitation proviso of Section 9(c) [2]: "* * * all the copies * * * shall bear the symbol © accompanied by the name of the copyright proprietor and the year of first publication placed *in such manner and location as to give reasonable notice of claim of copyright.*" [3]

■ In the present case the plaintiff's name was so placed in relation to the symbol © as to give reasonable notice of the plaintiff's copyright and identity and so complied with the provisions of Section 19.

The additional reasons assigned by Victory Metal Manufacturing Corporation in support of its motion to dismiss depend on issues of fact still unresolved and cannot now be considered.

### Order

Now, March 26, 1957, the defendants' motions to dismiss plaintiff's complaint are denied.

---

1. As amended Aug. 31, 1954, c. 1161, § 3, 68 Stat. 1032, which became effective upon the coming into force in the United States of the Universal Copyright Convention, which effective date the present parties agree was Sept. 16, 1955, 17 U.S. C.A. § 9 note.

2. This subsection was also added by the amendatory Act of Aug. 31, 1954.

3. Emphasis supplied.