Arthur I. MOGER, Plaintiff
v.
WHDH, INC., et al., Defendants.
Civ. A. No. 60-160.

United States District Court
D. Massachusetts.

May 1, 1961.

William Herbits, Max James Allen, Boston, Mass., Robert B. Russell, C. Yardley Chittick, Boston, Mass., for plaintiff.

John Cancian, Boston, Mass., for all defendants except Ralph Edwards Productions, Inc.

SWEENEY, Chief Judge.

The defendant in this action for copyright infringement has filed a motion for summary judgment on the grounds that the statutory notice of copyright on the plaintiff's works are defective and the defendants' television program does not, as a matter of law, infringe the plaintiff's materials. In the view I take of the defendants' first argument it will be unnecessary to consider the second.

In his complaint the plaintiff alleges that for many years he has been actively engaged in the "newspaper, radio, theatre and television fields as a writer, an artist, a promoter and 'idea man'" and that in 1934 he conceived an idea for a puzzle game which he entitled "About Faces". The game consisted of cartoons of famous persons with clues as to their identity and "was published in copyrighted editions of the Hearst Newspapers in Boston during 1934 and 1935". Also "on July 2, 1935, plaintiff caused to be published a book entitled 'About

Faces, the New National Pastime, Series 1' ", which was a compilation of various materials previously published in the newspapers and similar materials involving identification of photographs.

■ Insofar as the plaintiff relies on the copyright of the newspaper, uncontradicted affidavits filed by the defendants show that with the exception of thirteen issues, the papers did not during this period contain any form of copyright notice. But even if all editions had been properly copyrighted, that would afford no protection to the plaintiff, Mifflin v. R. H. White Co., 1903, 190 U.S. 260, 23 S.Ct. 769, 47 L.Ed. 1040. Copyright must be obtained by the proprietor of the material and cannot be derived from a general copyright on a magazine or other periodical in which the material may be published.

While the plaintiff apparently does not assert any copyright protection for the newspaper cartoons themselves, I shall discuss this aspect of the motion, since the defect can easily be cured by amendment.

The affidavits referred to above indicate that the cartoons appeared in the Boston Evening American during the period from September 4, 1934, to September 18, 1935. They carried the title "About Faces by Art Moger" at the top and somewhere within the artwork appeared the name "Ned Jones". Except for three cartoons, which carried no copyright notices whatever, each contained at the very bottom the following notation: "© 1934" or "© 1935".

■ Section 18 (now 19) of Title 17, U.S.C. provides, in pertinent part, as follows:

"The notice of copyright required by section 10 of this title shall consist either of the word 'Copyright,' the abbreviation 'Copr.', or the symbol ©, accompanied by the name of the copyright proprietor * * *."

The notice on plaintiff's cartoons clearly does not comply with the statutory mandate, in that the symbol © is not accompanied by plaintiff's name. Buck v. Liederkranz, D.C.E.D.Pa.1937, 34 F. Supp. 1006; Goes Lithographing Co. v. Apt Lithographic Co., Inc., D.C.S.D.N.Y. 1936, 14 F.Supp. 620. But the plaintiff argues that the prominence of his name in the title is enough *if read in conjunction with the legend* (emphasis supplied). The argument itself, however, exposes its fallacy. The clear purpose of the requirement is to afford to those who might otherwise innocently infringe notice that a copyright is claimed and by whom. The fact that the plaintiff's name is prominently displayed under the title does not, by any means, rule out the possibility that Ned Jones or X is the copyright proprietor. In that respect this case differs materially from Glenco Refrigeration Corp. v. Raetone Commercial Refrigeration Corp., D.C.E.D.Pa.1957, 149 F.Supp. 691, where a similar legend was immediately followed by the initials G. R. C., and the plaintiff's name appeared in full one-half inch above the legend. I find that the notice of copyright on the cartoons is defective and the plaintiff is not, therefore, entitled to copyright protection.

■ The plaintiff also alleges infringement of the copyright on his book, which does indeed contain a full and complete notice, but it appears on the inside of the back page. Again the statute, Section 19 (now 20), is explicit that "the notice of copyright shall be applied, in the case of a book or other printed publication upon its title page or the page immediately following", and the decisions are uniform that a notice misplaced is ineffective and invalidates the copyright. J. A. Richards, Inc. v. N. Y. Post, D.C. S.D.N.Y.1938, 23 F.Supp. 619; United Thrift Plan v. National Thrift Plan, D.C.E.D.N.Y.1929, 34 F.2d 300; Bessett v. Germain, D.C.Mass.1937, 18 F.Supp. 249; Krafft v. Cohen, 3 Cir., 1941, 117 F.2d 579; Siewek Tool Co. v. Morton, D.C.E.D.Mich.1934, 128 F.Supp. 71.

The appearance of the abbreviated form of notice © 1935, on each cartoon page does not help the plaintiff for the

reasons given above and because even if it were otherwise adequate, it also is misplaced in the book.

Since there is no copyright protection for any of the materials alleged to have been infringed, the defendants' motion for summary judgment must be granted.