## LITTLETON et al. v. FISCHER.

### (Circuit Court, S. D. New York. March 15, 1905.)

COPYRIGHT—INFRINGEMENT—PRELIMINARY INJUNCTION.

Preliminary injunction will not issue against the publication of defendant's arrangement of a musical composition, though it is practically a reproduction of complainants' copyrighted arrangement thereof; complainants having also published uncopyrighted editions of the composition, the character and extent of the dedication to the public through which cannot be determined on the affidavits and inspection of the respective scores, so that it is impossible to decide the extent of any trespass by defendant on the rights secured to complainants by the copyright, and it not appearing that defendant is unable to respond in damages.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 78.]

On Motion for Preliminary Injunction.

Eaton & Lewis, for the motion.
Platzek & Stroock (Max J. Kohler, of counsel), opposed.

TOWNSEND, Circuit Judge. It appears from the affidavits and exhibits that one Edward German, a musical composer, was the first and original author of a musical composition entitled "Morris Dance," and that he made an arrangement thereof for the piano, which he assigned to the plaintiffs, and which they duly copyrighted and published. The defendant employed another musician, R. Klugescheid, to make an independent arrangement of said musical composition for the violin and piano, and has published the same. While the latter arrangement necessarily differs from the former by virtue of its adaptation to two instruments, yet it is so constructed that with slight variations in the left-hand accompaniment, such as would occur to and be readily made by any musician without altering the violin score, it might be played on the piano, and, when so played, would be practically a reproduction of the complainants' copyrighted arrangement.

If there were no other questions involved, the right to an injunction would seem to be clear. But it appears that other editions of this musical composition have also been published by complainants, both for a military band and for an orchestra; that said editions were not protected by copyright, and that copies of each of said editions have been sold without any imprint of copyright thereon; and that said Klugescheid made his arrangement of said composition from said source. An inspection of said uncopyrighted publications shows that they contain scores for various instruments, including one for the violin, and that said scores, and especially that for the violin, present the theme and harmony and melody of said musical composition so fully that apparently it was only necessary to add thereto the mere mechanical accessories of an accompaniment to produce such an arrangement as that of complainant or of defendant.

The character and extent of the dedication to the public through the uncopyrighted publication cannot be determined upon the affidavits and inspection of the respective scores, and consequently

it is impossible to decide to what extent, if at all, the defendant has trespassed upon the rights secured to complainants by the copyrighted arrangement.   For this reason, and because it does not appear that defendant is unable to respond in damages in case it shall finally appear that he has violated complainants' rights, it is thought that the extraordinary relief of a preliminary injunction should not be granted, but that the questions at issue should be postponed for final hearing.

The motion is denied.