GINN et al. v. APOLLO PUB. CO.

(District Court, E. D. Pennsylvania. August 2, 1913.)

No. 1,069.

**1. COPYRIGHTS (§ 85*)—INFRINGEMENT—PRELIMINARY INJUNCTION.**
·A preliminary injunction will not be granted in a suit to enjoin the in-fringement of copyrights, where complainant's title to rights in the works alleged to have been copyrighted is denied in defendant's answer, and complainants introduced no proof of title, or documentary evidence of the copyrights, or of the agreement under which it was claimed they acted as licensees.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. § 85.*]

**2. COPYRIGHTS (§ 85*)—INFRINGEMENT—PRELIMINARY INJUNCTION.**
Where a bill for injunction to restrain alleged unlawful competition only averred as to the amount in controversy that the copyrights in ques-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion were of the value of $20,000, and there was no averment of the amount in controversy by reason of defendant's acts alleged to constitute unfair competition, and it did not appear that defendant was not financially responsible to answer for any damage that complainants might suffer, a preliminary injunction would not be granted.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. § 85.*]

In Equity. Action by Edwin Ginn and others against the Apollo Publishing Company. On motion for preliminary injunction. Denied.

W. K. Stevens, of Reading, Pa., for plaintiffs.

E. Hayward Fairbanks, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. [1] An examination of the bill of complaint and affidavits in support of the motion and defendant's answer and affidavits makes it apparent that the plaintiffs have not shown a sufficiently clear case to warrant the granting of a preliminary injunction. The plaintiffs' title to rights in the works alleged to be copyrighted is denied in the answer, and the plaintiffs have not introduced any evidence to prove their title. No documentary evidence of the copyrights in the works in question was offered, nor was the alleged agreement under which it claimed the plaintiffs are licensees produced. As the proof of the rights of the plaintiffs under the copyright and license constitute the primary step in establishing their case, it is not necessary to consider other questions arising upon the record.

[2] Upon the charge of unfair competition in trade, it is objected by the defendant that the bill does not contain the necessary averments as to the amount in controversy to establish jurisdiction of the court, and this objection appears to be well taken. The only averment as to the amount in controversy is that the copyrights of the books are of the value of $20,000. Nowhere in the bill is there any averment of the amount in controversy by reason of the alleged acts of the defendant in unfair competition. Moreover, the answering affidavits for the purpose of this motion, and in the absence of any fact appearing to the contrary in the plaintiffs' bill or affidavits, show that the defendant is solvent and of sufficient financial responsibility to answer for any damages which the plaintiffs may suffer. The cause is at issue upon bill and answer and with due diligence may be brought up upon final hearing without great delay.

Without further going into the merits, the grounds stated above are sufficient in my opinion to justify the refusal of the writ, and the motion is therefore denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes