In re HIGBEE CO.

No. 36119.

United States District Court
N. D. Ohio, E. D.

Feb. 24, 1950.

See, also, 7 F.R.D. 72.

R. W. Purcell and James A. Butler, Cleveland, Ohio, for Robert R. Young.

Hugh Wells, Cleveland, Ohio, for Marguerite W. Potts.

J. Fred Potts, in pro per.

752

Jones, Day, Cockley & Reavis, Cleveland, Ohio, for debtor.

JONES, Chief Judge.

The matter is here on objections and exceptions of Robert R. Young to ad interim report of Special Master, filed October 4, 1949.

A proposed plan for reorganization was adopted by the various interested groups and this plan was confirmed by the District Court. Potts, a preferred shareholder, objected to the plan and appealed the confirmation. While the appeal was pending, two creditors who wished to have the confirmation sustained purchased Potts' shares for a sum greatly in excess of their market value and Potts dismissed his appeal. An action was then commenced for the benefit of the preferred shareholders to recover the money paid to Potts in excess of the market value of his shares. The Supreme Court in Young v. Higbee Co., 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890, decided that this excess represented the sale value of Potts' appeal, and that Potts held this money for the benefit of the other preferred shareholders. In a later action it was determined that the excess that Potts received was in the vicinity of $80,000 and Potts was ordered to pay this sum into the court. Before the Supreme Court decision, Potts had disposed of the money and now is apparently unable to pay into court the $80,000.

It is now shown that Mrs. Potts was the actual owner of the shares that Potts sold to the two creditors, and it is claimed by Mr. Young, who represents the preferred shareholders, that the $80,000 was paid to Mrs. Potts or used for her benefit. At no time was Mrs. Potts a party to the above mentioned court actions. Young now has filed an application for an order requiring Mrs. Potts to show cause why she should not pay this $80,000 into court. Mrs. Potts objects to this summary action and alleges that the court never had actual or constructive possession of the $80,000. The Special Master holds that Young must institute a plenary action to recover this money, and it is this ruling that Young asks this Court to disapprove as erroneous.

There appears to be no controversy between the parties as to the applicable law. Generally a bankruptcy court can adjudicate summarily all claims and rights concerning the bankrupt's property over which the court has actual or constructive possession. The court has actual or constructive possession over all property which at the time of the filing of the petition was in the actual or constructive possession of the bankrupt. Matter of American Fidelity Corp., D.C., 28 F.Supp. 462; 2 Collier on Bankruptcy, 14th Ed., 451 et seq. Actual or constructive possession is, then, an indispensable condition to the exercise of summary jurisdiction. It is clear that the property here in question never was in the actual possession of the bankrupt and through it in the possession of the court.

It is claimed, however, that this Court has constructive possession for either one or both of two reasons.

First: It is claimed that, since Potts was the representative of Mrs. Potts, she holds the money in the same manner he did, i. e., for the benefit of the bankrupt. If this is true, the Court has constructive possession. However, the facts do not bear out this contention. The money never was the property of the Higbee Company; it never was in its possession, and it is property as to which the bankrupt can assert no claim. If the bankrupt cannot, this Court or the Trustee cannot. In re American Fidelity Corp., supra. The money was paid from the funds of the two creditors and not from the assets of the bankrupt. The Supreme Court in the Young case merely decided that Potts held the money for the other preferred shareholders. It did not hold that the money was the property of the bankrupt. It is my judgment that the property cannot be claimed by the Higbee Company and since it cannot be said that Mrs. Potts held the money for the Higbee Company, there is no justification for the exercise of summary jurisdiction. 2 Colliers 468 et seq.

Thus, it cannot be found from any decision affecting this controversy that the money received by Potts from the sale of the stock, in excess of the fair market

value thereof, belonged to the Higbee Company, Debtor.

This assertion, twice made by the objector in his brief, is exactly contrary to the fact. Both reviewing courts held that such excess as Potts received belonged to all preferred shareholders of the same class. Nowhere does either court hold that the excess belonged to, or constituted an asset of, the Debtor. In conformity with the mandate of the Court of Appeals, this Court, by journal entry filed July 18, 1947, ordered Potts to pay the money to the Special Master for distribution to those persons who were holders of first preferred stock on March 7, 1942. Although this entry appears to have been approved only as to form by the attorney for the objector, nevertheless, the assertion that the excess belonged to the Debtor is wholly inaccurate.

As futile and as impotent as efforts to reach the excessive avails of the Potts' transaction have proved so far, there is no justification for such repeated and misleading statements as to the decisions and opinions of the reviewing courts, and of this court, respecting the Debtor's right to any moneys received or held by Potts as the result of the sale of the stock.

Second: Constructive possession in the court may be shown if the property is held by one who makes only a colorable claim to its ownership. I think, at least for the purpose of this action, it can be assumed that this rule will apply even if it cannot be shown that the property belongs to the bankrupt or is held for it. It is clear that Young is no longer attempting to recover the original $80,000, but seeks to show that the property acquired and benefits accruing from the expenditure of the $80,000 were held and enjoyed by Mrs. Potts.

This action then is to recover from Mrs. Potts the property acquired in her name and the value of benefits she enjoyed. Mrs. Potts, on the other hand, claims that, while the money went into her bank account, she never had the beneficial use of the $80,000 and whatever property Young seeks to recover belongs to her and was acquired by use of her own personal funds. Potts' testimony, which was all that was taken,

does not substantiate Young's claim and it is extremely doubtful that Mrs. Potts acquired any property or benefits from the expenditure of the money. It is quite likely that whatever property Young now seeks to recover from Mrs. Potts was acquired by use of her own money. She has, therefore, a bona fide claim to the property, and her claim is not colorable. In such a situation a bankruptcy court cannot exercise its summary jurisdiction and any recovery must be had by resort to a plenary action. 2 Colliers 499 et seq.

Accordingly, the ruling of the Special Master will be approved and his report confirmed.