LAMPERT v. HOLLIS MUSIC, Inc. et al.

Civ. No. 12384.

United States District Court,
E. D. New York.

May 19, 1952.

**4**

Otto Friedman, Jamaica, N. Y., for plaintiff.

Henry Hofheimer, New York City, Bernard Gartlir, New York City, for defendants.

BYERS, District Judge.

This is a plaintiff's motion in a cause for alleged copyright infringement, for the appointment of a receiver pendente lite "of all the property of the defendants with respect to the business of advertising, recording, broadcasting, singing, publishing or performing the song 'Cause I Love You', and the sales of record and music sheets of the same, and authorizing said receiver to take immediate possession and to continue the operation of the business of the defendants, and for such other" etc.

The plaintiff's asserted cause, which may be gathered from an analysis of the complaint, seems to involve the following elements:

(1) She is the author and composer of unpublished songs including one entitled "Annabella," "never before published in this or any foreign country and being copyrightable under the laws of the United States."

(2) On or about March 21, 1949 and March 9, 1950, she secured a copyright of said song "by publishing the same with the following notices of copyright, 'Copyrighted 1949 by Frances Lampert' and 'Copyrighted 1950 by Frances Lampert'" and copies thereof were deposited according to the requirements of the statute. Title 17 U.S.C.A. § 1 et seq.

(3) The grant by plaintiff to the defendants of the non-exclusive right to play same and make records of that song for "the purpose of try-out."

(4) A demand for the return of the said song by the defendants to the plaintiff, and refusal.

(5) Publication, broadcasting and recording of the said plaintiff's song "Annabella" by Radio Corporation and Columbia Records in this country and in Europe "under a new title of 'Cause I Love You'".

(6) A grant, with knowledge of the plaintiff's prior rights and with the intent to cheat and defraud her, of the right to play, record and broadcast the said song under the new title "Cause I Love You," obtained by the defendants Strayer, Radio Corporation, and Columbia, from the defendants Hollis and Arpege.

(7) A recital of certain of the methods whereby the said alleged fraud was effectuated.

(8) The giving of notice of the plaintiff's exclusive right in and to the said song under its new title, forbidding the defendants to continue their complained of conduct.

Each and all the foregoing are denied in the answer of all defendants.

■ The complaint and the moving affidavit are deficient in making out a prima facie case in that:

(a) No copy of the plaintiff's alleged composition "Annabella" or printed copy containing the copyright notice or certificate of copyright registration, form part of the papers. Such a complaint is defective: Buck v. Liederkranz, D.C., 34 F.Supp. 1006; Cole v. Allen, D.C., 3 F.R.D. 236, Rule 2, Supreme Court Copyright Rules, 17 U.S.C.A. following section 101.

■ There is no prima facie assumption of the burden of proof to show identity in the form of expression adopted to clothe a given idea or concept, between plaintiff's alleged composition "Annabella" and the defendants' publication entitled, "Cause I Love You." Such would be the requirement for a valid copyright. Cf. Dellar v. Samuel Goldwyn, Inc., 2 Cir., 150 F.2d 612; Sheldon v. Metro-Goldwyn etc., 2 Cir., 81 F.2d 49 at page 54.

(b) There is a distinct issue of fact presented by the denials of Straeter (misspelled in the above title to the action) of plaintiff's allegations as set forth in the second complete paragraph of her affidavit of April 17, 1952.

■ (c) The plaintiff's assertion that her composition "Annabella" was published

by Hollis is contradicted by the opposing affidavit of the assistant secretary of that defendant, which also contains a recital of acquisition of the musical composition entitled, "Cause I Love You" from the French publisher of the song entitled, "Du Matin Jusqu'au Soir" and the copyright thereof pursuant to the provisions of the statute. That affidavit continues to relate that upon the filing and serving of the complaint in this action, a comparison was made between what is called a manuscript copy of "Annabella" then produced by plaintiff's attorney, and the said song "Cause I Love You", with the result of demonstrating an entire lack of similarity between the two compositions, and a consequent absence of any basis for claim of infringement. Manifestly, the issue of infringement can be determined only after trial, based upon the testimony of qualified witnesses.

■ Since under the authorities such a provisional remedy as a temporary injunction would not be proper under the circumstances, Ginn v. Apollo, D.C., 209 F. 713; Littleton v. Fischer, C.C., 137 F. 684; In re Higbee, D.C., 88 F.Supp. 751, it necessarily follows that the same disposition is required of the motion for almost as drastic a form of relief, the appointment of a receiver.

■ The statute contemplates the destruction of infringing copies, Title 17, U.S.C.A. § 101(d), but of course the fact of infringement must first be judicially established.

■ It is also difficult to follow the plaintiff's theory of the necessity for the appointment of a receiver since, if her complaint is understood, she alleges that the publication of the song "Cause I Love You" tends to destroy the value of her own composition "Annabella"; why, under those circumstances, she thinks that her cause would be promoted by having a receiver take into his possession the record and music sheets of the song of which she complains, and "to continue the operation of the business of the defendants" with respect to advertising, publishing, recording, broadcasting, sales and performance of the aforementioned song "Cause I Love You" is not made to appear. I should suppose that the continued distribution of such printed music and records by the receiver, would defeat the ostensible purpose of the action. Perhaps she means that those sheets and records should be impounded for the purpose of destruction, but manifestly it cannot be determined at the present stage of this controversy whether ultimate destruction will be granted.

■ In conclusion, the following subject is alluded to for completeness:

After the motion papers and briefs were filed, I discovered for the first time that the Radio Corporation of America is one of the defendants. For some years I have owned twenty shares of the common stock of that corporation, which posed the question of my possible duty to impose disqualification to deal with this motion, in view of Title 28 U.S.C.A. § 455, which reads as follows:

"Interest of justice or judge
"Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest * * * (so) as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

The Reviser's Notes, 1948 Edition, p. 1762, indicate that the foregoing is based on old Title 28, Section 24. The note says:

"The phrase 'in which he has a substantial interest' was substituted for 'concerned in interest in any suit.'"

I have ascertained that the Radio Corporation of America has issued 13,881,016 shares of no par common stock. My interest, therefore, would be represented by the fraction of $20/13,881,016$. I do not see how, by any process of reasoning, that could be regarded as a "substantial interest" in the controversy, which would justify me in avoiding responsibility by disqualifying myself under the statute.

■ To guard against error in holding this view, I notified both attorneys in writing, of the stockholding in question, and have been assured by a letter from the plaintiff's attorney that he and his adversary have agreed to request that I decide

the motion, and this has been construed as a waiver of any possible statutory objection.

In view of what has been said as to the motion itself, it is apparent that the application for the appointment of a receiver must be denied. Settle order.